**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**WILSON AND COMPANY, INC., Defendant-Appellee.**

**No. 75–1287.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 30, 1976.

Decided May 17, 1976.

Mollie W. Neal, Washington, D. C. (Julia P. Cooper, Acting Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, and Charles L. Reischel, Washington, D. C., on the brief), for plaintiff-appellant.

Richard L. Schrepferman, Denver, Colo. (Edmond F. Noel, Jr., and John R. Webb of Holme, Roberts & Owen, Denver, Colo., on the brief), for defendant-appellee.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an action brought by the Equal Employment Opportunity Commission under the Civil Rights Act of 1964, as amended, against Wilson and Company, Inc., a Delaware corporation, doing business in Colorado where it is engaged in the processing and sale of meat and meat products. The gist of the complaint was that Wilson in its work assignments in its Denver plant had discriminated against one Raymond Bernal on the basis of his national origin.

Wilson filed a motion to dismiss and for summary judgment on the ground that the Commission's complaint was not filed within the time limitation set forth in 42 U.S.C. § 2000e–5(f)(1). In this connection it was Wilson's position that under the statute just cited an action instituted by the Commission must be commenced within 180 days from the date Bernal first filed his charge against Wilson with the Commission, and that the instant action was not commenced

by the Commission until some three and one-half years after Bernal first complained to the Commission that Wilson was discriminating against him on the basis of national origin in connection with work assignments.

The trial court granted Wilson's motion to dismiss and entered judgment dismissing the action. See EEOC v. Wilson & Co., Inc., 387 F.Supp. 1224 (D.Colo.1975). In its opinion and order the trial court agreed with Wilson's argument that the Commission had not timely commenced the action, i. e., within 180 days after Bernal had filed his charges of discrimination with the Commission.

Although Wilson had not raised the matter in its motion to dismiss, the trial judge himself raised an additional question as to whether the Commission had any right at all to commence the action. Prior to 1972 the Commission did not have the authority to initiate civil actions of the present type. However, the 1972 amendments give the Commission the right to initiate civil actions, and this newly created right was under the statute, to apply to "charges *pending* with Commission on the date of enactment of this Act [March 24, 1972] and all charges filed thereafter." (Emphasis added.) In this regard the trial court concluded that Bernal's charge previously filed with the Commission was not pending as of March 24, 1972, and hence, under the 1972 amendment, the Commission had no authority to institute the present proceeding. The Commission now appeals the dismissal of its action. We reverse. A brief chronology is necessary to a fuller understanding of the matter.

One Raymond Bernal, identified in the complaint as a Spanish-surnamed American, worked in the meat specialty department of Wilson in its Denver meat packing plant. Prior to February 9, 1970, five different employees were assigned on a rotation basis the allegedly arduous task of strapping and lifting boxes. On February 9, 1970, Bernal and another Spanish-surnamed American were assigned to the strapping and lifting on a regular basis. On October 19, 1970, Bernal filed charges with the Commission alleging employment discrimination based on his national origin. On January 11, 1971, another and similar charge was filed with the Commission by Bernal.

After the filing of these charges the field director, operating out of the Albuquerque, New Mexico office, investigated the charges and issued certain findings of fact. Thereafter the director attempted to informally settle the matter through so-called predecision procedures provided for in 29 C.F.R. § 1601.19c (1971). Predecision settlement efforts failed, and it would appear that on November 5, 1971, the district office in Albuquerque sent the file to the Commission in Washington, D. C. for a Commission determination as to the existence of reasonable cause.

On November 12, 1971, Bernal requested a right-to-sue letter from the district office. On January 27, 1972, such a letter was given Bernal, in which letter he was advised that he had 30 days within which he could institute an action against Wilson. Bernal did not institute any action against Wilson within the 30-day period.

As mentioned above, the 1972 amendments to Title VII of the Civil Rights Act became effective on March 24, 1972. These amendments, among other things, authorized the Commission to initiate civil actions in this particular type of a discrimination charge. Prior thereto, only the aggrieved party could initiate civil suits.

When the file was sent to the Commission in Washington, D. C. in November, 1971, it apparently became part of the backlog of cases waiting consideration by the Commission. In due time the Commission considered Bernal's charge and found that there was reasonable cause to believe that the charges of discrimination were true. On November 30, 1972, the matter was referred by the Commission to its Denver office for an attempt at formal conciliation. Conciliation efforts between the Commission's Denver office and Wilson ensued, but were unsuccessful. By affidavit Wilson denied that the several communications between the Commission and Wilson amounted to real conciliation efforts, but Wilson's

affidavit did establish that in fact there were communications back and forth regarding the Bernal matter. On September 7, 1973, the Commission notified the parties that conciliation efforts had failed. Thereafter, on March 1, 1974, the Commission instituted the present proceeding against Wilson.

■ The primary reason advanced by the trial court in dismissing the action was its determination that under 42 U.S.C. § 2000e–5(f)(1), the Commission must file suit, if at all, within 180 days from the filing of an individual charge of discrimination. In its brief Wilson recognizes that every Circuit which as of that time had considered this precise matter had ruled contrary to the position taken by the trial court in the instant case. *See EEOC v. E. I. duPont de Nemours & Co.*, 516 F.2d 1297 (3d Cir. 1975); *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir. 1975), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368, 44 U.S.L.W. 3330 (1975); *EEOC v. Louisville & Nashville R. Co.*, 505 F.2d 610 (5th Cir. 1974), *cert. denied*, 423 U.S. 824, 96 S.Ct. 39, 46 L.Ed.2d 41, 44 U.S.L.W. 3201 (1975); and *EEOC v. Cleveland Mills Co.*, 502 F.2d 153 (4th Cir. 1974), *cert. denied*, 420 U.S. 946, 95 S.Ct. 1328, 43 L.Ed.2d 425 (1975). Notwithstanding this array of authority to the contrary, counsel in his brief suggests that the trial court's reasoning on this 180-day limitation is "persuasive and should be affirmed."

Subsequent to briefing, this Court has itself had occasion to consider the argument that the Commission must institute a proceeding, if at all, within 180 days from the filing of an individual charge. Like the Third, Fourth, Fifth and Sixth Circuits, we held that the Commission's authority to sue is not restricted to the 180-day period. *EEOC v. Duval Corporation*, 528 F.2d 945 (10th Cir. 1976). Accordingly, *Duval* negates the primary reason relied on by the trial court in dismissing the action.

■ There remains the additional reason given by the trial court in its dismissal of the action, i. e., since Bernal's charge was not "pending" before the Commission on March 24, 1972, the Commission had no right whatsoever to maintain the present action against Wilson. As referred to above, prior to the 1972 amendment, the Commission had no right to sue in a proceeding of this particular type—only the individual could sue. The 1972 amendment granted the Commission a right to file a civil action if conciliation efforts failed. The 1972 amendment further provided that the Commission's newly created right to sue applied to all charges filed with the Commission *after* March 24, 1972, and to all charges *pending* on March 24, 1972.

In holding that Bernal's charge was not pending before the Commission on March 24, 1972, the trial court relied almost entirely on 29 C.F.R. § 1601.25a(d) (1971). That regulation reads as follows:

> (d) Issuance of notice pursuant to paragraph (c) of this section shall suspend further Commission proceedings unless the Field Director determines that it is in the public interest to continue such proceedings, or unless, within twenty (20) days after receipt of such notice, a party requests the Field Director, in writing, to continue to process the case.

The trial court reasoned that under the regulation just cited the issuance of the right-to-sue letter suspended further Commission proceedings, and that the Field Director had not thereafter made a determination that it was in the public interest to continue the proceeding. Such being the case, according to the trial court, when Bernal's 30-day period within which he could have filed a suit, but did not, elapsed, the charge before the Commission was at an end and was therefore not "pending" on March 24, 1972. In our view, the question as to whether Bernal's charge was "pending" before the Commission on March 24, 1972, was not fully developed in the trial court, either from a factual standpoint, or from the standpoint of the applicable statutes and regulations. Accordingly, the judgment of dismissal must be reversed and the cause remanded for further proceedings.

As indicated, Wilson did not itself assert as a ground for dismissal that Bernal's charge was not pending before the Commission on March 24, 1972. Not surprisingly, then, this record, as opposed to statements of counsel, does not really disclose, for example, whether the Field Director did, or did not, make any determination that it was in the public interest to continue processing Bernal's case, even though he had been issued a right-to-sue letter. In its opinion, the trial court observed that it appeared from the materials before the Court that the Field Director had made no "formal" determination as to the public interest involved in Bernal's charge. The regulation itself does not indicate whether the Field Director's determination need be "formal," or otherwise. Similarly, we find nothing in the regulation itself to indicate that a finding by the Field Director as to public interest must be made within any particular time period. And the regulation refers only to a *suspension* of proceedings, and nowhere refers to a *termination*. We are of the view that this particular regulation was given a too literal application to the meager facts then before the trial court.

As above mentioned, it would appear that prior to the time Bernal requested a right-to-sue letter, the Field Director, having failed in his predecision settlement efforts, had sent the case to the Commission in Washington, D. C. for a determination as to reasonable cause. We use the word "appear" advisedly, because in the instant case counsel on both sides made factual assertions in their briefs that are not really to be found in the limited record as made in the trial court. In any event, much later the Commission apparently found reasonable cause and referred the case to its Denver office for formal conciliation efforts. That such efforts did in fact occur is evidenced by the statements contained in the affidavit of Wilson's own manager of employees' services clearly indicating that over a period of several months in 1973 there were communications between Wilson and the Commission trying to effect a conciliation of Bernal's grievance.

The case relied on by the trial court in holding that Bernal's charge was not pending before the Commission on March 24, 1972, is distinguishable on the facts and in one sense, at least, is supportive of our resolution of the matter. In *EEOC v. Christiansburg Garment Co., Inc.,* 376 F.Supp. 1067 (W.D.Va.1974), the Commission had determined that reasonable cause did exist, and conciliation efforts had failed *before* the right-to-sue letter was issued. It was in such setting that the Court in *Christiansburg* noted that when the individual in that case was given her right-to-sue letter, "there was nothing left for EEOC to do." That Court also commented that the phrase "charges pending before the Commission" would, in common parlance, seem to apply to charges which the Commission was still pursuing toward conciliation as of the effective date of the 1972 amendments. In the instant case it would appear that as of the effective date of the 1972 amendments Bernal's case was before the Commission awaiting a determination as to reasonable cause, and, according to Wilson's affidavit, we know that conciliation efforts between Wilson and the Commission were in fact going on long after March 24, 1972.

In sum, then, the record does not support the trial court's determination that Bernal's charge was not pending before the Commission on March 24, 1972. This matter must be more fully developed.

Judgment reversed and cause remanded for further proceedings.

BARRETT, Circuit Judge (dissenting):

In my view the District Court properly interpreted and applied EEOC regulations 29 C.F.R. § 1601.25a(c) and (d) relating to (1) Bernal's jurisdictional obligation to file suit against Wilson within 30 days from receipt of the notice of "Right to Sue" requested by him and thereafter issued by the EEOC, and (2) that the EEOC did not retain any jurisdiction over the charge filed by Bernal after it issued the notice of "Right to Sue" because at no time did its Field Director determine that it was in the public interest to continue processing the

charges. None of the "excuses" advanced spell justification for non-compliance with the explicit requirement that the aggrieved party must file suit within 30 days of receipt of the aforesaid notice.

During oral argument counsel for EEOC attached significance to its administrative error in having submitted to Bernal the "Right to Sue" letter while not at the same time making the formal determination (through the Field Director) that ". . . it is in the public interest to continue such proceedings . . ." 29 C.F.R. 1601.-25a(d), *supra*. While certainly recognizing that Congress intended that the Act be applied liberally on behalf of those alleged to be victims of discriminatory practices, I cannot fathom "liberalizing" the jurisdictional prerequisites to afford relief under these circumstances.

In addition to the above grounds relied upon by the Trial Court, I believe that the dismissal must be upheld on a basis not urged by the parties or relied upon by the District Court, because it involves matters of law only. An appellate court may affirm a trial court judgment on a basis not relied upon. In *Pound v. Insurance Co. of North America*, 439 F.2d 1059 (10th Cir. 1971), we said:

"  .   .   . we are reminded of our well established maxim that if a trial court decision is correct upon any theory, we will uphold that decision."

439 F.2d at 1062.

Bernal did not file charges with any state agency of Colorado, if such remedy were available. Accordingly, we need have no concern for the applicability of 42 U.S.C. § 2000e–5(c). There is no dispute that Bernal filed his charges directly with the EEOC on October 19, 1970, and January 11, 1971. [R. 13, 89]. After the notice of "Right to Sue" letter was submitted, the Bernal file was transferred from the District Office to the Washington, D. C. Office and the latter office pursued conciliation negotiations with Wilson which *were terminated* on September 7, 1973 when the file was transferred to the Denver EEOC Litigation Center [Brief of Appellant, p. 6].

*This suit was not filed until March 1, 1974.* Accordingly, a period of more than six (6) months expired after both Bernal and Wilson had been informed that conciliation had failed [Appellant's Brief, p. 6] and before the instant suit was filed by the EEOC. This "lapse" constitutes further and utter jurisdictional failure, even under the "liberalized" 1972 amendments.

42 U.S.C. § 2000e–5(f)(1) provides that "If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action   .   ." The Commission failed to file the action within the thirty day limit. Further provisions of the same section provide that if within 180 days from the filing of the charge *or* the expiration of the period of reference *or* if the Commission has not entered into a conciliation agreement to which the person aggrieved is a party the EEOC *shall* notify the aggrieved party that he has ninety (90) days within which to file a civil suit against the respondent. That ninety days expired December 8, 1973, *at least* two and one-half months before this suit was filed, not by Bernal but by the EEOC. The EEOC has no power, right or authority to file this suit because *no member of the Commission filed the unlawful employment charge alleged by Bernal* as required by 42 U.S.C. § 2000e–5(d) necessary to trigger the right of the EEOC to sue on behalf of Bernal [1972 Amendment] IF FILED WITHIN NINETY DAYS AFTER CONCILIATION EFFORTS HAVE FAILED. So, even had a member of the Commission filed the charge (which is not the case), the same 90 day jurisdictional requirement was mandated upon the EEOC. It failed to meet the 90 day deadline. Again, the 90 day period expired December 8, 1973, some two and one-half months prior to filing of the instant suit.

I would affirm.