**Vernell CLAYTON, Plaintiff,**

v.

**McDONNELL DOUGLAS CORPORATION, Defendant.**

**No. 73–1809–DWW.**

United States District Court, C. D. California.

Aug. 3, 1976.

Goldberg, Patton & McKee, Los Angeles, Cal., for plaintiff.

Munger, Tolles & Rickershauser, Los Angeles, Cal., for defendant.

MEMORANDUM

DAVID W. WILLIAMS, District Judge.

Plaintiff contends that he was terminated from his job as a custodian at McDonnell Douglas Corporation because he is a Negro.

The termination took place on August 18, 1969. On September 9th of the same year he filed a complaint with the Equal Employment Opportunity Commission (EEOC) and there followed a long period of delayed investigation which brought about no conciliatory success. Plaintiff eventually requested the EEOC to send him a "right to sue" letter which he received on July 30, 1973. He filed this Title VII suit against his former employer on August 6, 1973—almost four years after the termination. Defendant contends in this motion that the case should be dismissed because it is time barred. I agree.

Section 706 of the Act (42 U.S.C. § 2000e–5) sets a timetable for the aggrieved person to cause EEOC to commence its investigation. That agency has 180 days within which to settle the employment dispute or file suit in its name against the employer, or dismiss the complaint as being without merit. If EEOC does not resolve the matter to the satisfaction of the complaining party by the end of the 180 day period, the employee has the right to demand from the agency a "right to sue" letter and he may within 90 days of receiving same file a private civil action in court. This entire procedure could be complied with in ample time to permit an aggrieved person to file his lawsuit within a three year period.

 It is well-established that in a private civil rights action, where Congress has not provided a statute of limitations, the state statute applied to similar litigation will be applied to the federal action. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295. However, this circuit has recently held that if the EEOC is plaintiff in a Title VII case, the action is not barred by a state limitations period, even though the EEOC fails to file in court within the 180 day period mentioned in Section 706(f). *EEOC v. Occidental Life Insurance Co.*, 535 F.2d 533; 9th Cir., 1976. By dictum, that case strongly suggests that its holding pertains to a public agency such as EEOC, but not to a private plaintiff in a Title VII action. The court stated:

"We express no opinion as to which, if any, state limitations statute would apply had an individual or a class, rather than the EEOC, been party plaintiff." 535 F.2d 537 n.6.

Moreover, when Occidental's counsel urged the court to follow the holding in *Johnson v. Railway Express Agency, Inc.*, supra, to the effect that where there is no federal limitations statute, the state statute should be followed, the EEOC court replied . . . "*Johnson* involved a private claimant litigating under Section 1981, while this case involves a public agency enforcing Title VII rights." 535 F.2d at 539.

There could be sound reasons to free EEOC from limitation strictures of which a private plaintiff should not get the benefit. First, EEOC is a federal agency operating in all the states, and great confusion could come from subjecting its operations to the differing limitations statutes in the various states. Secondly, successful relief gained through litigation wherein the agency is plaintiff promotes public policy which benefits many citizens. Lastly, it may be a recognition of the troubles an agency with a small staff and a large backlog of cases has in processing complaints speedily.

These are not factors which are relevant to a private party action and the law has always discouraged the filing of stale claims. Fairness dictates that an employer be told within a reasonable time after the act, that a disgruntled former employee is going to take him to court. Otherwise, if the worker is allowed to wait several years before he files his suit, the defendant might have lost contact with witnesses valuable to him, and pertinent personnel and other records in his possession may be destroyed. There is simply no valid reason for not requiring a private party to file his action within, say, a three year period.

I need not decide whether the proper statute to use is the one year tort statute (Calif.Code of Civ.Proc. § 340(3), or the three year limitation (Calif.Code of Civ. Proc. § 338(1), because in this case, more than three years has passed between the

dismissal of plaintiff and the date he filed his complaint.

The complaint is ordered dismissed.