Jimmie G. JARRETT, Plaintiff,

v.

**NORTH AMERICAN ROCKWELL CORPORATION, LOS ANGELES DIVISION, Defendant.**

No. CV 76–4067–AAH.

United States District Court, C. D. California.

June 20, 1977.

Charles E. Hart, Robert N. Kohn, David J. Shapiro by David J. Shapiro, El Segundo, Cal., for defendant, Rockwell International Corp.

Wyatt & Reese by James A. Wyatt, Jr., Pasadena, Cal., for plaintiff, Jimmie G. Jarrett.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The above-entitled matter having come on to be heard on Defendant ROCKWELL INTERNATIONAL CORPORATION'S (hereafter "ROCKWELL") Motion to Dismiss plaintiff's cause of action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, on May 2, 1977, before the Honorable A. Andrew Hauk, United States District Judge, David J. Shapiro appearing as counsel for Defendant ROCKWELL, and Wyatt and Reese by James A. Wyatt, Jr., appearing as counsel for Plaintiff JIMMIE G. JARRETT; the Court having considered all the documents filed with respect to said Motion, the pleadings, memoranda, and having heard and considered the arguments

of counsel; and the Court being fully advised in the premises, now makes the Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Plaintiff is a Negro, female employee of ROCKWELL.

2. On September 27, 1971, plaintiff filed a charge with the Equal Employment Opportunity Commission (hereafter "EEOC"), alleging discrimination on the basis of her race, Negro.

3. The EEOC, in its letters of "Determination" and "No Cause Dismissal/Notice of Right to Sue Within 90 Days," both dated September 30, 1976, stated that there was no reasonable cause to believe that the charge of employment discrimination was true, and that it was terminating its processes.

4. On December 30, 1976, plaintiff's counsel filed this cause of action with this Court pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. §§ 2000e, et seq.) (hereafter "Title VII").

5. On January 31, 1977, defendant filed with this Court a Motion to Dismiss plaintiff's cause of action on the basis that this Court lacked subject matter jurisdiction and that plaintiff's cause of action failed to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On January 31, 1977, defendant also filed with this Court a Motion to Strike plaintiff's prayer for punitive and general (compensatory) damages as well as a Motion to Strike plaintiff's demand for jury trial. On March 1, 1977, defendant entered into a stipulation with plaintiff's counsel to grant defendant's Motions to Strike demand for jury trial and request for general and punitive damages. On April 19, 1977, plaintiff's counsel filed with this Court Points and Authorities in opposition to defendant's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. On April 27, 1977, defendant filed with this Court a Reply Memorandum to

plaintiff's Points and Authorities in opposition to defendant's Motion to Dismiss, along with an affidavit of defendant's Employment Practices Investigator.

6. Any Conclusion of Law deemed to be a Finding of Fact is hereby incorporated into these Findings of Fact.

## CONCLUSIONS OF LAW

1. Defendant ROCKWELL is an employer within the meaning of Sections 701(b) and 703(a) of Title VII (42 U.S.C.A. §§ 2000e and 2000e–2).

2. In private civil rights actions, where Congress has not provided a statute of limitations, the most analogous state statute of limitations will be applied to the federal action. *EEOC v. Occidental Life Ins. Co.*, 9 Cir., 535 F.2d 533 (1976), cert. granted, 1976, 429 U.S. 1022, 97 S.Ct. 638, 50 L.Ed.2d 623. See also *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

3. Congress has not provided an overall period of limitations for Title VII actions. Therefore, the most applicable state statute of limitations must apply.

4. The most analogous California state statute of limitations is either the one-year statute of limitations with regard to tort liability (prescribed in § 340(3) of the California Code of Civil Procedure (hereafter "CCP")), or the three-year statute of limitations with regard to actions upon a liability created by statute (prescribed in CCP § 338(1)).

5. Inasmuch as this cause of action was instituted five years and three months from the filing of the charge with the EEOC, this Court need not determine whether the applicable state statute of limitations with regard to such actions is that prescribed in CCP § 340(3) or CCP § 338(1), as this case is time-barred in any event. *Clayton v. McDonnell Douglas Corp.*, 13 FEP 451, 419 F.Supp. 28 (C.D.Cal.1976), on appeal, No. 76–3198 (C.A. 9 1977).

6. The applicable state statute of limitations is not tolled merely because the plaintiff filed a charge with the EEOC, since, *inter alia,* such tolling principle would totally eliminate any overall period of limitations in such cases. *Johnson, supra; Dillon v. Board of Pension Com'rs* (1941), 18 Cal.2d 427, 116 P.2d 37, 136 A.L.R. 800.

7. For the foregoing reasons, this Court lacks subject matter jurisdiction, and the plaintiff has failed to state a claim upon which relief can be granted. Accordingly, this case is dismissed for the reason that it was not timely instituted and is now time-barred by any applicable California state statute of limitations.

8. Any Finding of Fact deemed to be a Conclusion of Law is hereby incorporated into these Conclusions of Law.

LET JUDGMENT BE ENTERED ACCORDINGLY.