**Frances VOGEL, Plaintiff,**

v.

**TORRANCE BOARD OF EDUCATION, Torrance Unified School District, Naomi Leavitt, Stanley Dunn, Dorothy Baker, Dr. Owen Griffith, Dr. Robert McLemore, Defendants.**

**No. CV 77–4023–AAH.**

United States District Court, C. D. California.

March 1, 1978.

Geffner & Satzman by Judy Rochlin, Los Angeles, Cal., for plaintiff.

Paul, Hastings, Janofsky & Walker by Robert F. Walker, Los Angeles, Cal., and

McKay, Byrne & Udkovich by Gail D. Solo, Los Angeles, Cal., for defendants.

## DECISION GRANTING SUMMARY JUDGMENT

HAUK, District Judge.

This sex discrimination case involves claims by the plaintiff, Frances Vogel, a part-time campus aide at Torrance High School, that the Torrance Unified School District, the Torrance Board of Education, and the individual members of the Torrance Board of Education [1] discriminated against her because of her sex. Specifically, plaintiff alleges that male campus aides earn higher wages, receive more hours of work, receive better fringe benefits, and obtain more favorable treatment with respect to hiring, promotion, and transfer.[2] In addition, plaintiff alleges that the defendants have refused to take affirmative action to correct their past discriminatory practices and policies.[3] Plaintiff alleges that she filed a complaint with the EEOC on November 1, 1972, and that the EEOC sent her a "right-to-sue" letter on August 1, 1977.[4] Plaintiff bases this suit on provisions of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Fourteenth Amendment and seeks both injunctive relief and damages.[5]

Defendant Torrance Unified School District [6] (hereinafter "defendant") has moved to dismiss the complaint, or, in the alternative, for summary judgment. Defendant offers several reasons for the granting of these motions. Defendant also moves, in the event the Court does not grant either the motion to dismiss or the motion for summary judgment, to strike certain portions of the complaint as irrelevant.

After full consideration of all of the pleadings and affidavits filed by all parties, and the arguments thereof, the Court finds that most of the defendant's arguments are meritorious. The Court treats the instant motion as a motion for summary judgment,[7] finds that no material question of fact or law exists, and grants the defendant's motion for summary judgment for the following reasons:

(1) 42 U.S.C. § 1981 does not encompass sex discrimination;

(2) the relevant statute of limitations bars plaintiff's Title VII claim;

(3) the relevant statute of limitations bars plaintiff's Fourteenth Amendment claim;

(4) plaintiff's Fourteenth Amendment claim, even if not barred by the statute of limitations, fails to state a claim upon which relief could be granted because it does not allege purposeful discrimination and none can be inferred; and

(5) plaintiff failed to name the individual defendants in her EEOC complaint.

Because of this disposition of the case, the Court finds it unnecessary to rule on de-

---

1. The Complaint named the following officers and members of the Torrance Board of Education as defendants: Naomi Leavitt (President); Stanley Dunn (Vice-President); Dorothy Baker; Dr. Owen Griffith; and Dr. Robert McLemore. Plaintiff's Complaint, ¶ 4.

2. Plaintiff's Complaint, ¶¶ 6(a), 6(b), 6(c), and 6(e).

3. Plaintiff's Complaint, ¶ 6(d).

4. Plaintiff's Complaint, ¶ 2. Plaintiff filed this action on October 27, 1977, within the 90-day period specified by the EEOC letter.

5. Plaintiff's Complaint, ¶¶ 1, 2.

6. There is some question regarding the status of the defendant Torrance Board of Education in this litigation. Plaintiff states that the Board of Education is the "governing body" of the School District. Plaintiff's Complaint, ¶ 3. Defendant School District contends, however, that the plaintiff never served the Board of Education. Plaintiff disputed this contention at the oral hearing on the instant motions.

Since the contentions of each party are identical with respect to both the Board of Education and the School District, and the liabilities of both would be coextensive, the Court's decision on the motions made by the Torrance Unified School District shall apply with equal force to the Torrance Board of Education.

7. See Fed.R.Civ.P. 12(b). See also United States District Court for the Central District of California, Local Rule 3(g)(3).

fendant's motion to strike. In addition, the Court denies defendant's request for attorneys' fees.

## I. *Applicability of § 1981 to Sex Discrimination Claim*

■ Defendant's initial argument is that 42 U.S.C. § 1981, one of the grounds upon which plaintiff's action relies,[8] does not encompass sex discrimination. This contention is absolutely correct.

The language of 42 U.S.C. § 1981[9] addresses race discrimination, not sex discrimination. Numerous cases within the Ninth Circuit have held that § 1981 does not cover discrimination based on sex. *E. g., Zubero v. Memorex*, 12 F.E.P. Cases 604 (N.D.Cal. 1976); *Waters v. Heublein*, 8 F.E.P. Cases 908 (N.D.Cal.1974); *League of Academic Women v. Regents of the University of California*, 343 F.Supp. 636, 638–40 (N.D. Cal.1972); *Williams v. San Francisco Unified School District*, 340 F.Supp. 438, 440 (N.D.Cal.1972); *National Organization of Women v. Bank of California*, 6 F.E.P. Cases 26 (N.D.Cal.1972).[10] Therefore, the Court grants summary judgment to the defendant on plaintiff's § 1981 claim.

## II. *Statute of Limitations on Title VII Claim*

Defendant also contends that the statute of limitations applicable in Title VII litiga-tion in federal courts in California bars this action insofar as the Title VII claim is concerned. The Court agrees with this contention and grants summary judgment in favor of the defendant on plaintiff's Title VII claim.

■ Title VII of the Civil Rights Act of 1964, as amended, does not contain its own statute of limitations. In determining the relevant statute of limitations on a private individual's Title VII Federal District Court action, the Court must look to the state statute of limitations applicable in similar litigation brought under state law of the state in which the district court sits. *EEOC v. Occidental Life Insurance Co.*, 535 F.2d 533, 537 (9th Cir. 1976), aff'd, 432 U.S. 355, 97 S.Ct. 2247, 53 L.Ed.2d 402 (1977) (EEOC as plaintiff); *Clayton v. McDonnell Douglas Corp.*, 419 F.Supp. 28, 29 (C.D.Cal.1976), appeal pending, No. 77–3225 (9th Cir. 1977) (private party as plaintiff). *See also Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Under California law, the statutes of limitations possibly relevant to a Title VII claim are Code of Civil Procedure § 340(3) (one-year statute for injuries caused by the wrongful act of another),[11] § 338(1) (three-year statute for actions brought upon a statute),[12] and § 343 (four-year statute for

---

**8.** Plaintiff's Complaint, ¶ 2.

**9.** § 1981. Equal rights under the law

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**10.** *See generally* B. Schlei & P. Grossman, Employment Discrimination Law 610–12 (1976); Reiss, Requiem for an "Independent Remedy": The Civil Rights Acts of 1866 and 1871 as Remedies for Employment Discrimination, 50 S.Cal.L.Rev. 961, 985–87 (1977).

**11.** *Libel, slander, assault, battery, false imprisonment, seduction, injury or death from wrong-*

*ful act or neglect, forged or raised checks, injury to animals*

3. An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another, or by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or unauthorized endorsement, or against any person who boards or feeds an animal or fowl or who engages in the practice of veterinary medicine as defined in Business and Professions Code Section 4826, for such person's neglect resulting in injury or death to an animal or fowl in the course of boarding or feeding such animal or fowl or in the course of the practice of veterinary medicine on such animal or fowl; Cal.Civ.Pro.Code § 340(3) (West Supp.1977).

**12.** § 338. *Three years; statutory liability, exception; trespass or injury to realty; taking, detaining or injuring goods or chattels; fraud*

actions not otherwise provided for).[13]

With regard to the statute of limitations defense in Title VII litigation, the determinative question is often, and is here, whether the filing of an EEOC claim by a plaintiff tolls the relevant statute of limitations. At least three recent Central District cases have been held that the filing of an EEOC claim does not toll the relevant statute of limitations; hence, the statute runs continuously from the date of the allegedly discriminatory acts. *Jarrett v. Rockwell International Corp.*, 433 F.Supp. 275 (C.D.Cal.1977); *Kirk v. Rockwell International Corp.*, 432 F.Supp. 627 (C.D.Cal. 1977), *appeal pending*, No. 77–2640 (9th Cir. 1977); *Clayton v. McDonnell Douglas Corp.*, 419 F.Supp. 28 (C.D.Cal.1976), *appeal pending*, No. 77–3225 (9th Cir. 1977). While these cases did not specifically hold which California limitations period should apply in a Title VII suit, each of the three cases did hold that even the three-year statute of limitations set forth in Code of Civil Procedure § 338(1), the period most favorable to the plaintiffs, would bar the plaintiffs' claims in those three cases.[14]

In this case, plaintiff's complaint does not allege any specific dates upon which allegedly discriminatory acts occurred. The complaint does state, however, that the plaintiff filed an EEOC complaint on November 1, 1972; thus, the Court must find that the allegedly discriminatory acts occurred on or before that date.[15] Since the plaintiff did not file this action until October 27, 1977, approximately five years have passed since the allegedly discriminatory acts. Consequently, under the rule set forth in the *Jarrett*, *Kirk*, and *Clayton* cases discussed above, the relevant statute of limitations, whether one year, three years, or four years, bars plaintiff's Title VII claim, even though the plaintiff brought this suit within the 90-day period specified by the EEOC in its letter to the plaintiff on August 4, 1977.

Plaintiff argues that this result is unfair because the EEOC has just told her that she had 90 days within which to bring suit in district court and she did bring suit within the 90-day period. Furthermore, she argues, she should not be penalized because

---

*or mistake; bond of public official; notary public, additional time, maximum limit; slander of title; false advertising*

Within three years:

1. An action upon a liability created by statute, other than a penalty or forfeiture.

Cal.Civ.Pro.Code § 338(1) (West Supp.1977).

13. § 343. *Four years; relief not otherwise provided for*

Actions for relief not hereinbefore provided for. An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued. (Enacted 1872.)

Cal.Civ.Pro.Code § 343 (West 1954).

14. While the parties did not argue the question, the question of the applicability of California law regarding the tolling of the statute of limitations might be considered. In *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court did indeed suggest that federal courts should use the state law on tolling in situations where the federal court is applying a state statute of limitations period. *Id.* at 463–64, 95 S.Ct. 1716. Under California law, a pending administrative action does, in most situations, toll the relevant statute of limitations. *See Elkins v. Derby*, 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81 (1974); *Olson v. County of Sacramento*, 38 Cal.App.3d 958, 113 Cal.Rptr. 664 (1974).

Thus, it might be argued that the statute of limitations in this case was tolled during the pendency of the EEOC charge. Within the Ninth Circuit, however, state statutes of limitations may be tolled in conformity with federal law, even where the federal court is applying the state limitations period. *See Briley v. California*, 564 F.2d 849, 854–55 (9th Cir. 1977). *See also Bradshaw v. Zoological Society of San Diego*, 569 F.2d 1066, 1067 (9th Cir. 1978).

15. Plaintiff has also alleged that sex discrimination continued from 1973–1977 in the form of greater number of hours of work assigned to men. Affidavit of Plaintiff Frances Vogel at ¶¶ 8–10. As to these allegations of discrimination, however, the plaintiff has not filed an EEOC complaint. Since the filing of an EEOC complaint is a jurisdictional prerequisite to the filing of a Title VII action in Federal District Court, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Collins v. United Airlines, Inc.*, 514 F.2d 594 (9th Cir. 1975), the Court may not consider any alleged discrimination which was not alleged in plaintiff's EEOC complaint. Since the plaintiff filed her EEOC complaint on November 1, 1972, the Court may not consider any allegations of discrimination occurring after that date.

the EEOC took nearly five years to send her a "right-to-sue" letter. While these claims possess superficial appeal, the Court wishes to point out the countervailing considerations to the plaintiff. *First*, plaintiffs in Title VII cases have the right to demand a final response from the EEOC 180 days after the filing of their EEOC complaint. 42 U.S.C. § 2000e–5(f)(1);[16] 29 C.F.R. § 1601.25b(c) (1977).[17] *See Occidental Life*

**16.** *Civil action by Commission, Attorney General, or person aggrieved; preconditions; procedure; appointment of attorney; payment of fees, costs, or security; intervention; stay of Federal proceedings; action for appropriate temporary or preliminary relief pending final disposition of charge; jurisdiction and venue of United States courts; designation of judge to hear and determine case; assignment of case for hearing; expedition of case; appointment of master*

(f)(1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. Upon timely application, the court may, in its discretion, permit the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsections (c) or (d) of this section or further efforts of the Commission to obtain voluntary compliance.

**17.** *§ 1601.25b Processing of cases, when notice issues under § 1601.25.*

(a) The Commission may bring a civil action against any respondent named in a charge, not a government, governmental agency or political subdivision, after thirty (30) days from the date of the filing of a charge with the Commission unless a conciliation agreement acceptable to the Commission has been secured. Where the person claiming to be aggrieved is not a party to such an agreement, the agreement shall not extinguish or in any way prejudice such person's right to proceed in court under section 706(f)(1).

(b) The Commission shall not issue a notice pursuant to § 1601.25 prior to a determination under § 1601.19b or where reasonable cause has been found prior to efforts at conciliation with respondent, except as provided in paragraph (c) of this section.

(c) At any time after the expiration of one hundred and eighty (180) days from the date of the filing of a charge or upon dismissal of a charge at any stage of the proceedings, an aggrieved person may demand in writing that a notice issue pursuant to § 1601.25, and the Commission shall promptly issue a notice, and provide copies thereof and copies of the charge to all parties.

(d) Issuance of notice pursuant to paragraph (c) of this section shall suspend further Commission proceedings unless the Field Director determines that it is in the public interest to continue such proceedings, or unless, within twenty (20) days after receipt of such notice, a party requests the Field Director, in writing, to continue to process the case.

[37 FR 9219, May 6, 1972, as amended at 37 FR 20165, Sept. 27, 1972; 38 FR 34810, Dec. 19, 1973]

Insurance Co. v. EEOC, 432 U.S. 355, 361, 97 S.Ct. 2247, 53 L.Ed.2d 402 (1977); Johnson v. Railway Express Agency, 421 U.S. 454, 458, 95 S.Ct. 1716, 44 L.Ed.2d 495 (1975). Second, the EEOC must make an initial determination of the validity of a plaintiff's claim "as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge." 42 U.S.C. § 2000e–5(b).[18] See Occidental Life Insurance Co. v. EEOC, 432 U.S. 355, 359, 97 S.Ct. 2247, 53 L.Ed.2d 402 (1977). Utilizing these administrative procedures should enable a diligent plaintiff to bring a Title VII action in the federal courts within the probably applicable three-year statute of limitations period. Third, as Judge Williams pointed out in Clayton, employers are entitled to some degree of certainty regarding possible employment discrimination claims against them. 419 F.Supp. at 29. Fourth, in extreme cases, a Federal District Court may compel action by the EEOC on a plaintiff's claim. EEOC v. Occidental Life Insurance Co., 535 F.2d 533, 540, aff'd, 432 U.S. 455, 97 S.Ct. 2247, 53 L.Ed.2d 402 (1977). Thus, the policy considerations underlying the rule set forth in Jarrett, Kirk and Clayton are not as one-sided as plaintiff would have the Court believe; from a public policy standpoint, the result may not be unfair at all. Indeed, Courts in other Districts have also adopted this same rule regarding tolling. See, e. g., Patterson v. American Tobacco Co., 535 F.2d 257, 275 (4th Cir. 1976); Person v. St. Louis-San Francisco Ry., 428 F.Supp. 1148, 1149 (W.D.Okla.1976).

## III. Statute of Limitations on the Fourteenth Amendment Claim

■ As already discussed, the Court must look to the most nearly analogous state statute of limitations in the absence of any federal statute of limitations. With regard to plaintiff's claim that the defendants violated her Fourteenth Amendment

18. Charges by persons aggrieved or member of Commission of unlawful employment practices by employers, etc.; filing; allegations; notice to respondent; contents of notice; investigation by Commission; contents of charges; prohibition on disclosure of charges; determination of reasonable cause; conference, conciliation, and persuasion for elimination of unlawful practices; prohibition on disclosure of informal endeavors to end unlawful practices; use of evidence in subsequent proceedings; penalties for disclosure of information; time for determination of reasonable cause

(b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. Charges shall not be made public by the Commission. If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. In determining whether reasonable cause exists, the Commission shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the requirements of subsections (c) and (d) of this section. If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both. The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge or, where applicable under subsection (c) or (d) of this section, from the date upon which the Commission is authorized to take action with respect to the charge.

rights, presumably her right to equal protection under the law, no federal statute of limitations exists and the most nearly analogous statute of limitations in California is likely the four-year general catch-all provisions of Code of Civil Procedure § 343, though it could also be the three-year limitation of Code of Civil Procedure § 338(1). Since, as also discussed above, the plaintiff did not bring this action until nearly five years after the allegedly discriminatory acts, either the three-year or the four-year statute of limitations period bars the plaintiff's Fourteenth Amendment claim. Therefore, the Court grants summary judgment in favor of defendant on plaintiff's Fourteenth Amendment claim.

### IV. Failure to Allege Discriminatory Purpose in Fourteenth Amendment Claim

■ Defendant also argues that, even if the statute of limitations did not bar the plaintiff's Fourteenth Amendment claim, the complaint is inadequate because it does not allege purposeful discrimination. Under the ruling of the Supreme Court in *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), this contention is correct. In *Washington*, the Supreme Court held that disproportionate impact on a minority group does not alone establish that the activity or classification complained of violated the constitutional rights of the minority group; rather, the Court ruled, in order to establish a constitutional

violation, the party alleging discrimination must show that a discriminatory purpose exists or can be inferred. 426 U.S. at 239–40, 96 S.Ct. 2040. *See also National Education Ass'n v. South Carolina*, —— U.S. ——, 98 S.Ct. 756, 54 L.Ed.2d 775 (decided January 16, 1978); *Blake v. County of Los Angeles*, 435 F.Supp. 55, 62–63 (C.D.Cal.1977).

In this case, plaintiff has alleged that the defendants' activity had a disproportionate impact upon females, but has not alleged any discriminatory purpose in her complaint or her affidavits.[19] Neither can any such discriminatory purpose be inferred by the Court; in fact, the affidavits submitted by defendant indicate that the defendant has treated plaintiff on the same level, in terms of hiring, salary, promotion, and other factors, as its male campus aides.[20] Therefore, under the *Washington* rule, the Court would grant summary judgment to defendant on plaintiff's Fourteenth Amendment claim, even if that claim were not barred by the relevant statute of limitations.

### V. Failure to Name Individual Defendants in the EEOC Complaint

■ Defendant Torrance Unified School District also argues that the Court should grant summary judgment in favor of the individual defendants because the plaintiff did not name them in her EEOC complaint. The Court also agrees with this contention and grants summary judgment in favor of all the individual defendants in this case.

---

19. Basically, the complaint alleges only that defendant's practices have had a "disproportionate detrimental impact" upon females. Plaintiff's Complaint, ¶¶ 6(a), 6(b), 6(c). The affidavit submitted by the plaintiff in support of her opposition to the defendant's motion does not contain any reference to any purposeful discrimination either.

20. Bernard Running, Chief Accountant for the Torrance Unified School District, testified that the district has one salary schedule with five steps for high school campus aides. He further stated that plaintiff began work as a campus aide at step one, while one male employee began at step two. Running attributed this difference to the fact that the male had previously worked for the district as a custodian and the district's regular policy of taking prior dis-

trict experience into account. Running also stated that salaries for high school campus aides have been computed according to a single schedule, regardless of the employee's sex.

Claude Ragsdale, Assistant Principal at Torrance High School, testified, in effect, that while a male campus aide might receive more hours than a female campus aide, this difference could be attributed to the fact that the school employed 5 women aides and 2 males and that the school keeps at least one of each sex on duty at all times during the school day in order to supervise, among other things, restrooms and locker rooms. While this information in the affidavit relates only to the years following 1972, the year in question here, the reasoning behind the differing scheduling applies to the pre-1973 years in question also.

**266**

The naming of a defendant in an EEOC complaint is a prerequisite to a Title VII action against that party in a Federal District Court. 42 U.S.C. § 2000e–5(f)(1).[21] While the Ninth Circuit treats this requirement fairly liberally, *e. g., Kaplan v. International Alliance of Theatrical & Stage Employees*, 525 F.2d 1354 (9th Cir. 1975), the case law holds that school board members not named in an EEOC complaint are not subject to a Title VII action in Federal Court. *Curran v. Portland Superintending School Committee*, 435 F.Supp. 1063, 1973–75 (D.Maine 1977).

The EEOC complaint filed by the plaintiff in this case named Claude Ragsdale, Assistant Principal of Torrance High School, who is not a party to this action, and the "torrance unified district." [*sic*][22] Since the EEOC complaint did not name the individual defendants in this case, under the *Curran* rule, the individual members of the Board of Education are not subject to suit. Accordingly, summary judgment in favor of these defendants on this ground is appropriate.

## VI. *Motion to Strike*

The defendant also moved, in the alternative, to strike certain portions of the complaint as irrelevant. Since the Court has already awarded defendant summary judgment on each of the plaintiff's claims, the Court need not rule on the motion to strike.[23]

## VII. *Attorneys' Fees*

▪ The parties have not seriously argued the question of whether the successful party may be entitled to an award of attorneys' fees. The defendant's proposed findings of fact and conclusions of law did raise the point, however, by containing a conclusion of law which stated that the defendant was entitled to attorneys' fees because the plaintiff brought this "frivolous" action "in bad faith and in an attempt to harass."

In a very recent decision, the Supreme Court has set forth the guidelines to be followed in awarding attorneys' fees to a successful defendant in a Title VII case. In *Christianburg Garment Co. v. EEOC*, —— U.S. ——, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court, interpreting 42 U.S.C. § 2000e–5(k),[24] held that attorneys' fees are available to a successful defendant in Title VII litigation if the plaintiff brought the action in bad faith or "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith," 98 S.Ct. at 700. The Court cautioned lower courts faced with the decision of whether to award attorneys' fees in such cases, however, to avoid hindsight judgments of the case and to consider also the unpredictable nature of litigation. *Id.*

Considering this case in light of the *Christianburg Garment* guidelines, the

---

**21.** In pertinent part, the section, quoted in full at footnote 16 *supra*, provides that "a civil action may be brought against a respondent named in the charge." *See generally Kaplan v. International Alliance of Theatrical & Stage Employees*, 525 F.2d 1354 (9th Cir. 1975); *Mickel v. South Carolina State Employment Service*, 377 F.2d 239 (4th Cir. 1967), *cert. denied*, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967).

**22.** See Affidavit of Judy Maurer, submitted in support of Defendant's motion, and Exhibit A thereto.

**23.** The defendant moved to strike ¶¶ 6(a), 6(b), 6(c), and 6(d) of the complaint and subparts (c), (d), and (e) of the prayer for relief as irrelevant. If the Court had had to rule on this motion, the Court would likely have granted the motion to strike insofar as it relates to

"hiring" and "recruitment" and denied it insofar as it relates to "promotion" and "transfer." Since the plaintiff has been employed by the defendant for a number of years, including the years in question, the hiring and recruitment allegations in the complaint do seem irrelevant; on the other hand, the allegations concerning promotion and transfer could conceivably be relevant.

**24.** *Attorney's fee; liability of Commission and United States for costs*

(k) In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Court will not award attorneys fees in this case. Initially, the Court notes that it finds no evidence that the plaintiff brought this action in bad faith and would not award attorneys' fees on that basis. As to whether the action was "frivolous, unreasonable, and without foundation," the Court finds the question to be close. As the preceding sections of this opinion have indicated, the action is barred on numerous grounds; this might indeed reflect that the action was "without foundation." On the other hand, this type of judgment would reflect the type of hindsight view the Supreme Court cautioned against using in *Christianburg Garment.* Accordingly, since the question is so close, the Court will not award the defendant attorneys' fees in this case.

LET JUDGMENT BE ENTERED ACCORDINGLY, and the Clerk shall forthwith serve upon all counsel for the parties herein a copy of this Decision and of the Judgment.