**Frances ZANGRILLO, Plaintiff,**

v.

**FASHION INSTITUTE OF TECHNOLOGY and United College Employees, Defendants.**

**No. 83 Civ. 6589 (DNE).**

United States District Court, S.D. New York.

Jan. 28, 1985.

---

Jose A. Rivera, Brooklyn, N.Y., of counsel, for plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon, Marc L. Silverman, New York City, of counsel, for defendant Fashion Institute of Technology.

James R. Sandner, Susan Bloom Jones, New York City, of counsel, for defendant United College Employees.

## OPINION AND ORDER

EDELSTEIN, District Judge:

In September of 1983, plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against her employer, Fashion Institute of Technology ("FIT"), and her union, United College Employees ("UCE"). By Memorandum Endorsement dated March 8, 1984, Judge Kevin Thomas Duffy granted plaintiff leave to amend her complaint to add a cause of action under 42 U.S.C. § 1983 against both defendants and a cause of action under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*, against defendant FIT.[1] The amended complaint alleges that defendants denied plaintiff seniority rights accumulated while absent from work on maternity leave.

Defendants have moved to dismiss the complaint, pursuant to Fed.R.Civ.P.

---

1. Judge Duffy's endorsement did not address any of the issues presently before this court. He granted plaintiff leave to amend without regard to whether the § 1983 claims would be time-barred and whether the court had jurisdiction over plaintiff's claims brought under 20 U.S.C. § 1681.

12(b)(6). Defendants contend that the cause of action under Title VII is time barred because plaintiff failed to file a timely charge with the Equal Employment Opportunity Commission ("EEOC"). Defendants also contend that the cause of action under 42 U.S.C. § 1983 is barred by New York's three year statute of limitations. Finally, defendant FIT contends that the court lacks jurisdiction over it under Title IX of the Education Amendments of 1972.

## FACTUAL BACKGROUND

The complaint sets forth the following facts which, for purposes of the motion to dismiss, are deemed true.

Plaintiff has been employed by FIT as a teacher since 1956 and received tenure in 1962. She spent 1963 through 1965 on maternity leave and returned to teaching on a part-time basis in 1965. Defendants' actions with regard to this two year maternity leave are the subject of this action.

Plaintiff was assigned as an Adjunct Assistant Professor, effective September, 1967. In February of 1968, upon completion of the Fall semester, plaintiff was "dropped" by the Fashion Design Department ("the department") at FIT, purportedly because there were no openings. Plaintiff alleges that at this time, part-time untenured teachers were retained in the department. Plaintiff's discharge on February 1, 1968 is the first discriminatory act alleged in the amended complaint.

Plaintiff was reinstated in the department with continuous seniority and tenure in February of 1973. During that year, however, FIT and UCE entered into a collective bargaining agreement that prohibits the accrual of seniority credit for programming purposes during maternity leaves. Plaintiff alleges that because of this collective bargaining agreement, FIT failed to pay her a proper salary consistent with a continuation of her seniority and tenure. In June of 1973, plaintiff filed a grievance with UCE. In March of 1976, the arbitrator presiding over the grievance proceedings ruled that plaintiff, by her absence, had constructively resigned and thus her subsequent reinstatement was subject to the discretion of FIT. FIT's denial to plaintiff of salary and other fringe benefits upon her reinstatement in February of 1973, constitutes the second discriminatory act alleged.

Plaintiff further alleges that although she was denied salary and other benefits by FIT, she did not lose her rank for purposes of program assignments in the department. However, on June 9, 1975, UCE filed a grievance with FIT charging that the department's program assignment for the year 1975–76 violated the collective bargaining agreement, by crediting individuals, such as plaintiff, for time spent on maternity leave. Effective February 1, 1977, a new seniority list was established based on actual teaching service instead of initial date of hire seniority. The grievance filed by UCE on June 9, 1975, constitutes the third discriminatory act alleged.

On January 9, 1977, plaintiff filed a charge of employment discrimination with the EEOC. Amended Complaint at ¶ 7. On June 11, 1983, plaintiff received a right-to-sue letter issued by the EEOC. *Id.* at ¶ 8.

## DISCUSSION

*The Title VII Claim.*

■ Section 706(e) of the Civil Rights Act of 1964, as amended, provides that the EEOC charge "shall be filed by or on behalf of the person aggrieved within 300 days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e). Plaintiff's entitlement to relief under Title VII is predicated on the filing of a timely charge with the EEOC. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).

The first step in determining whether plaintiff has filed a timely charge is to determine when the period for filing of the EEOC charge commenced. This requires the court to "identify precisely the 'unlawful employment practice' of which [plain-

tiff] complains." *Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980). The gravaman of the amended complaint is that plaintiff was denied seniority credit for time spent on maternity leave and for child rearing. In her complaint before the EEOC, plaintiff alleged that the unlawful act is the "1975 collective bargaining agreement, entered into by the [defendants, which] takes away from women seniority accrued while on maternity." Defendants contend that the last "unlawful employment practice" complained of occurred on June 9, 1975, when the UCE filed a grievance against FIT. Plaintiff contends that the last "unlawful employment practice" occurred on February 1, 1977, when FIT established a new seniority list based on actual teaching service, as opposed to initial date of hire.

■ Because the EEOC charge was filed on January 7, 1977, "the Court must find that the alleged discriminatory acts occurred on or before that date." *Vogel v. Torrance Bd. of Ed.,* 447 F.Supp. 258, 262 (C.D.Cal.1978). Plaintiff, in order to comply with Section 706, must allege discriminatory events occurring within the 300 days *preceding* January 7, 1977. As to the alleged discriminatory act of February 1, 1977, plaintiff has not filed an EEOC charge. Because the filing of an EEOC charge is a jurisdictional prerequisite to a Title VII action, the court cannot consider the alleged discriminatory act of February 1, 1977. *Id.* at 262 n. 15.

■ Even if the court could consider acts by the defendants allegedly committed after the EEOC charge was filed, plaintiff still would have failed to satisfy the 300 day requirement. It is apparent from the face of the complaint, plaintiff's own actions, and the affidavits and exhibits submitted on behalf of defendants,[2] that the February 1, 1977 publication of the program assignments was not an "independent act of discrimination," *Delaware State College v. Ricks, supra,* 449 U.S. at 257 n. 8, 101 S.Ct. at 1132 n. 8, but that plaintiff was aware of FIT's policy regarding maternity leave no later than June 9, 1975. In paragraphs 26 and 28 of the amended complaint plaintiff cites the June 9, 1975 "union grievance" as the act which denied plaintiff the "benefits of the assignment of program policy in the Fashion Design Department." Moreover, plaintiff filed: (1) a grievance to reverse the UCE's grievance on July 15, 1975; (2) charges based on the same facts with the New York State Division of Human Rights on August 15, 1975; and (3) an EEOC charge on January 7, 1977, a month earlier than the publication of the "official" seniority list. Under *Ricks, supra,* plaintiff was required to file the EEOC charge 300 days after June 9, 1975, the date when FIT and UCE "made and communicated" the decision to deny seniority rights.[3]

2. Plaintiff's attorney filed his opposing papers to the instant motion several weeks late. These "papers" consist of a two page "letter brief" in which no case authority is cited in support of plaintiff's contentions. In addition, plaintiff submitted no affidavit supporting her position. The court granted defendants' request to reply to plaintiff's "letter brief." Plaintiff has not requested leave to file a sur-reply.

On page one of the "letter brief," plaintiff contends that the statute of limitations question is "premature." By this contention, plaintiff presumably means that there is insufficient information before the court as to the circumstances surrounding plaintiff's claims. Based on the affidavits, exhibits and memorandum submitted by the defendants, the court is well-equipped to decide the issue at this juncture. However, if the court were faced with a lack of information it would be due to the failure of plaintiff's counsel to abide by the local rules. It would be inequitable to the defendants to allow plaintiff's counsel to reap the benefits of his careless, if not dilatory, litigation practices.

3. Defendant FIT has submitted the affidavit of Hilde Jaffe, Dean of the Art and Design Division of FIT, sworn to December 26, 1984 (Jaffe Affidavit). Ms. Jaffe states that under the 1972–1975 Collective Bargaining Agreement, a faculty member's seniority for selecting programs was to be based on actual full-time teaching service, without credit for maternity and other unpaid leaves of absence. She also states that plaintiff was aware that the department intended to abide by the terms of the collective bargaining agreement since April 7, 1975. On August 25, 1975, when all the faculty had returned from summer vacation, Ms. Jaffe called a department meeting in which she announced that the program assignments for the Fall 1975 semester

The second step in determining whether plaintiff filed a timely charge with the EEOC is to determine whether plaintiff has alleged a "continuing violation." Plaintiff alleges that since her reinstatement in 1973, she was discriminated against in every paycheck and in her low position for assignment of program purposes. Taking these allegations as true, plaintiff has not sufficiently alleged a continuing violation.

In *Collins v. Manufacturers Hanover Trust Co.*, 542 F.Supp. 663 (S.D.N.Y.1982), this court stated that when "there is a 'reasonable ascertainable date on which the act occurred, that is the day on which the statute began to run,' notwithstanding that plaintiff may still feel some effects as a result of the prior discriminatory acts." *Id.* at 670 (quoting *Marshall v. American Motors Corp.*, 475 F.Supp. 875 (E.D.Mich. 1979). *See also Ganguly v. New York State Dep't of Mental Hygiene*, 511 F.Supp. 420, 427 (S.D.N.Y.1981) (plaintiff must allege continuing violations, not merely the results of past violations, in order to obtain relief for otherwise time-barred acts). The rationale behind the statutory period is to "protect employers from the burden of defending claims arising from employment decisions that are long past." *Ricks, supra,* 449 U.S. at 256–57, 101 S.Ct. at 503.

On the face of the complaint, the "reasonable ascertainable date[s] on which the act occurred" are June of 1973 and June 9, 1975. Any other "acts" alleged by the plaintiff are merely the effects of these two acts. UCE's and FIT's decision to compensate plaintiff and to assign programs based on actual teaching service had "long past" by the time plaintiff filed her EEOC charge in January of 1977.[4] Accordingly, plaintiff's cause of action under Title VII must be dismissed.

*The 42 U.S.C. § 1983 Claim.*

Defendants contend that the § 1983 claims are barred by the statute of limitations.

■■■ Because 42 U.S.C. § 1983 contains no statute of limitations, the limitations period applicable to § 1983 actions is determined by reference to state law. *Fiesel v. Board of Educ. of City of N.Y.,* 675 F.2d 522, 524 (2d Cir.1982). The appropriate statute of limitations for § 1983 actions brought in New York is Section 214(2) of the New York CPLR, which provides a three year limitations period for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute ...," N.Y. CPLR § 214(2) (McKinney Supp.1983–84). *Pauk v. Board of Trustees of the City Univ. of N.Y.,* 654 F.2d 856, 861 (2d Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982).[5] The cause of action accrues and the three year limitations period begins to run "when the plaintiff knows or has reason to know of

---

were to be reassigned in accordance with the collective bargaining agreement. However, because classes were about to start and the faculty had already prepared their programs, she and the faculty decided that programs not be reassigned at that late date. However, Ms. Jaffe "made clear that the Spring 1976 programs would be assigned in accordance with a seniority list based on actual teaching service, and not on initial dates of hire." Jaffe Affidavit at 5.

Ms. Jaffe further states that the seniority list published on February 1, 1977 did not change the assignment of rankings that had been in effect since 1975, but merely was the first college-wide, rather than strictly departmental seniority list. Indeed, in her charge before the EEOC, filed before the publication of the February 1, 1977 list, plaintiff alleged that by the collective bargaining agreement of 1975 defendants had deprived her of seniority rights. *See* Exhibit D to UCE's Motion to Dismiss. Thus,

the court finds incredible plaintiff's allegation that it was the publication of the February, 1977 list that made her aware of defendants' decision to assign programs based on actual time of service. In any event plaintiff's lower ranking for programming purposes was merely an effect of FIT's earlier communicated decision to deny plaintiff seniority rights. The programming schedule "is a delayed, but inevitable, consequence" of the denial of seniority rights. *Ricks, supra,* 449 U.S. at 257–58, 101 S.Ct. at.503–04.

4. *See supra* note 3.

5. Defendant UCE contends that the limitations period applicable to plaintiff's claim against the union for breach of its duty of fair representation is four months. Because the plaintiff's claims are clearly barred even under the three years limitations period, the court does not reach this contention.

the injury that is the basis of the action." *Id.* at 859. Based on the allegations in the complaint, plaintiff knew of FIT's alleged improper denial of seniority benefits and UCE's efforts to enforce compliance with the collective bargaining agreement by 1975. Because this action was not commenced until September 28, 1983, it is barred by the statute of limitations. *Id.* Even assuming, *arguendo*, that defendant FIT committed an additional and distinct wrongful act in February of 1977, plaintiff's § 1983 claim is still untimely.

Plaintiff in her "letter brief" contends that the statute of limitations question boils down to "one very simple question ...: does this claim under § 1983 fall under the relation-back doctrine such as to become part and parcel of the original complaint." Plaintiff, however, clearly has misstated the issue, because plaintiff's claims are time-barred even under the relation-back doctrine. Fed.R.Civ.P. 15(c) provides that "[w]henever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The original complaint was filed on September 28, 1983. Even if the court "relates-back" the amended complaint to the original complaint, plaintiff's § 1983 cause of action is still barred by the statute of limitations.

Moreover, there is no basis for tolling the statute of limitations period applicable under 42 U.S.C. § 1983 from the time plaintiff filed her Title VII EEOC claim in 1977. In *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the Supreme Court held that the New York rule against tolling for the time a plaintiff pursues a related but independent cause of action in state courts is applicable to suits brought under 42 U.S.C. § 1983. The plaintiff in *Tomanio* was a chiropractic practitioner who brought an action in New York State Court for redress of a decision by New York's Board of Regents denying her request for a waiver of professional licensing examination requirements. The Court held that the state judicial remedy was entirely "separate and distinct" from the federal remedy under 42 U.S.C. § 1983, and therefore, that New York's tolling provisions were not inconsistent with provisions and policies of § 1983.

In *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court held that although the remedies under Title VII and 42 U.S.C. § 1981 are related, the two causes of action are separate, distinct and independent." *Id.* at 461, 95 S.Ct. at 1720. Therefore, the Court held that the limitations period applicable under 42 U.S.C. § 1981 is not tolled by the filing of an EEOC charge. Similarly, in *Burnett v. Grattan*, — U.S. ——, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984) the Court reaffirmed its long standing position that the causes of action provided in the Civil Rights Acts "exist independent of any other legal or administrative relief that may be available as a matter of federal or state law." *Id.* 104 S.Ct. at 2930.

■ Under the Court's holdings in *Tomanio, Johnson* and *Burnett, supra*, plaintiff's cause of action under 42 U.S.C. § 1983 is "separate, distinct and independent" from her cause of action under Title VII. *See An-Ti Chai v. Michigan Technological Univ.*, 493 F.Supp. 1137, 1144 (W.D. Mich.1980) (no basis for distinction between cause of action brought under 42 U.S.C. § 1983 and cause of action brought under § 1981, which, under *Johnson, supra*, is independent from cause of action under Title VII). Accordingly, New York's rule against tolling during the period plaintiff pursues independent remedies must be applied. Plaintiff's § 1983 claim is therefore barred by New York's statute of limitations.

*The Education Amendment Act of 1972 Claim.*

Title IX of the Education Amendment Act of 1972, Section 901(a), provides in pertinent part:

No person in the United States shall, on the basis of sex, be excluded from partic-

ipation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, ...

20 U.S.C. § 1681(a). Under the Supreme Court's decision in *Grove City College v. Bell,* — U.S. ——, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984), Title IX covers only those programs that receive federal financial assistance. Defendant FIT contends that plaintiff's cause of action under Title IX must be dismissed because plaintiff has failed to plead that FIT receives any federal financial assistance.

■ Plaintiff, in the letter brief submitted by counsel, has failed to address the issue under Title IX. Accordingly, the court deems her to have conceded that FIT receives no Federal financial assistance within the meaning of the statute. Indeed, in March of 1984, the United States Department of Education dismissed plaintiff's administrative complaint, based on its determination that "department of Fashion Design—Apparel, FIT, does not receive Federal financial assistance." Exhibit 3 to Affidavit of Marc L. Silverman. Because plaintiff has neither pleaded nor demonstrated any nexus between Federal financial assistance and the Fashion Design Department at FIT, the Title IX count must be dismissed.

### CONCLUSION

Defendants' motion to dismiss the amended complaint is granted in all respects. The amended complaint is dismissed in its entirety.

SO ORDERED.