Lionel TUCKETT, Plaintiff,

v.

**POLICE DEPARTMENT OF the CITY OF NEW YORK; City of New York, Defendants.**

No. 88 Civ. 6549 (RWS).

United States District Court,
S.D. New York.

March 14, 1989.

Sussman & Sussman, New York City, for plaintiff; Michael H. Sussman, of counsel.

Peter L. Zimroth, Corp. Counsel for City of New York, New York City, for defendants; Robert Katz, of counsel.

OPINION

SWEET, District Judge.

Defendants Police Department of the City of New York ("NYCPD") and the City of New York (the "City") have moved pursuant to Rule 12(b)(6) Fed.R.Civ.P. to dismiss the complaint of plaintiff Lionel Tuckett ("Tuckett") on the ground that all claims in the complaint are time barred, and pursuant to Rule 12(b)(1) to dismiss the claims brought under Title VII of the Civil Rights Act of 1964, as amended, for lack of subject matter jurisdiction. Alternatively, defendants have moved pursuant to Rule 9(c) to dismiss the Title VII claims on the ground that Tuckett's complaint fails to plead or aver the performance or occurrence of the requisite conditions precedent to this action. For the reasons set forth below, the motion is granted.

*Facts*

On April 2, 1980, Tuckett was terminated as a police officer. On March 13, 1981, Tuckett filed a complaint with the New York State Division of Human Rights ("SDHR") alleging discrimination by the NYCPD and the City based on race and color. After an investigation, the SDHR determined on February 23, 1983 that probable cause existed to believe that the NYCPD and the City had engaged in racially discriminatory conduct.

Hearings on the charge of discrimination began in January, 1984. In 1988, the Commissioner of the State Division ratified his staff's determination to dismiss Tuckett's allegations of racial discrimination. The complaint in this case was filed on September 22, 1988, alleging violations of 42 U.S.

C. §§ 1981 and 1983, and Title VII of the Civil Rights Act of 1964.

*Statute of Limitations—§§ 1981 and 1983*

In general, a three year statute of limitations governs claims brought under 42 U.S.C. §§ 1981 and 1983. *See Ingram v. Madison Square Garden Center, Inc.,* 709 F.2d 807, 811 (2d Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 346, 78 L.Ed.2d 313 (1983); *Conway v. Mt. Kisco,* 750 F.2d 205, 212 (2d Cir.1984), *cert. dismissed,* 479 U.S. 84, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986). Tuckett was terminated effective on April 2, 1980. He filed the complaint in this action more than eight years after the allegedly discriminatory act. However, Tuckett contends that the statute of limitations period should be tolled for the period from the filing of his complaint with the SDHR in March, 1981 to the dismissal of the complaint in July, 1988.

Tuckett has not cited any controlling precedent for the proposition that the statute of limitations period under 42 U.S.C. §§ 1981 and 1983 should be tolled during the period in which a plaintiff pursues administrative remedies. Indeed, precedent supports the opposite conclusion: the statute of limitations period under §§ 1981 and 1983 is not tolled by the filing of an administrative claim. *See, e.g., Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980) (New York rule against tolling for the time a plaintiff pursues a related action in state courts applies to cases brought under § 1983); *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (the limitations period applicable under § 1981 is not tolled by the filing of an EEOC charge); *Zangrillo v. Fashion Institute of Technology,* 601 F.Supp. 1346 (S.D.N.Y.), *aff'd,* 788 F.2d 2 (2d Cir.1985) (cause of action under § 1983 is separate from Title VII action, and thus the statute of limitations period under § 1983 should not be tolled during the period plaintiff pursues administrative remedies). Therefore, Tuckett's claims under 42 U.S.C. §§ 1981 and 1983 are barred by the three year statute of limitations.

*Statute of Limitations—Title VII*

Tuckett concedes that by filing his complaint with SDHR more than 300 days after termination, he did not timely file for purposes of Title VII, and states in his memorandum of law that he is prepared "to voluntarily dismiss with prejudice the Title VII causes of action." Accordingly, the Title VII claims are dismissed.

*Conclusion*

For the reasons above, Tuckett's claims are dismissed. Submit order upon notice.

IT IS SO ORDERED.