**David L. KIRK, Plaintiff,**

v.

**ROCKWELL INTERNATIONAL CORPORATION, Defendant.**

**No. 76–3510–AAH.**

United States District Court,
C. D. California.

June 3, 1977.

Charles E. Hart, 3d, Robert N. Kohn by David J. Shapiro, El Segundo, Cal., for defendant Rockwell Intern. Corp.

Silver & Wells by Stephen H. Silver, Los Angeles, Cal., for plaintiff David L. Kirk.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The above-entitled matter having come on to be heard on Defendant Rockwell International Corporation's (hereafter "Rockwell") Motion to Dismiss plaintiff's cause of action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, on April 4, 1977, before the Honorable A. Andrew Hauk, United States District Judge, the Court having considered all the documents filed with respect to said Motion, the pleadings, memoranda, and having heard and considered the arguments of counsel; and the Court being fully advised in the premises, now makes the Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Plaintiff is a Caucasian male employee of Rockwell. Plaintiff was initially hired by Rockwell on or about April 12, 1949, at its Autonetics Division in Anaheim, California, and is currently employed at Rockwell's Autonetics Division in Anaheim, California.

2. Prior to February 14, 1971, plaintiff was employed in a salaried position as a Member, Quality and Reliability Staff II. Subsequent to February 14, 1971, plaintiff had been employed in a nonsalaried position as Inspector-Material Review, Senior.

3. In the immediate time frame of February 14, 1971, the number of salaried employees in the position of Member, Quality and Reliability Staff II was reduced for reasons necessitated by business and economic conditions.

4. On or about April 27, 1971, plaintiff filed a charge of alleged discrimination against Rockwell with the Equal Employment Opportunity Commission (hereafter "EEOC"). The charge alleged discrimination on the basis of his race, Caucasian. Plaintiff had also filed a charge with the Fair Employment Practice Commission (hereafter "FEPC") of the State of California. On or about May 26, 1971, the FEPC declined to proceed in the matter, at which time the EEOC assumed jurisdiction. On or about August 17, 1976, the EEOC issued a Letter of Determination to the plaintiff indicating that it had not found reasonable cause to believe that the charge of employment discrimination was true, and that it was terminating its processes.

5. On November 8, 1976, plaintiff's counsel filed this cause of action with this Court pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. §§ 2000e *et seq.*) (hereafter "Title VII") and 42 U.S.C.A. § 1981.

6. On December 13, 1976, defendant filed with this Court a Motion to Dismiss plaintiff's cause of action on the basis that this Court lacked subject matter jurisdiction and that plaintiff's cause of action failed to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On March 25, 1977, plaintiff filed with this Court Points and Authorities in opposition to defendant's Motion to Dismiss. On March 31, 1977, defendant filed with this Court a Response to plaintiff's Points and Authorities and affidavit opposing defendant's Motion to Dismiss. On April 1, 1977, plaintiff filed with this Court a Reply Memorandum and an affidavit of plaintiff's counsel opposing defendant's Motion to Dismiss.

7. Any Conclusion of Law deemed to be a Finding of Fact is hereby incorporated into these Findings of Fact.

## CONCLUSIONS OF LAW

1. Defendant Rockwell is an employer within the meaning of Sections 701(b) and 703(a) of Title VII (42 U.S.C.A. §§ 2000e and 2000e–2).

2. In private civil rights actions, where Congress has not provided a statute of limitations, the most analogous state statute of limitations will be applied to the federal action. *EEOC v. Occidental Life Ins. Co.*, 535 F.2d 533 (1976), cert. granted, 429 U.S. 1022, 97 S.Ct. 638, 50 L.Ed.2d 623, 1976. See also *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

3. Congress has not provided an overall period of limitations for Title VII actions and § 1981 actions. Therefore, the most applicable state statute of limitations must apply.

■ 4. The most analogous California state statute of limitations is either the one-year statute of limitations with regard to tort liability (prescribed in § 340(3) of the California Code of Civil Procedure (hereafter "CCP")), or the three-year statute of limitations with regard to actions upon a liability created by statute (prescribed in CCP § 338(1)).

5. Inasmuch as this cause of action was instituted approximately five years and nine months from the alleged date of discrimination, this Court need not determine whether the applicable state statute of limitations with regard to such actions is that prescribed in CCP § 340(3) or CCP § 338(1), as this case is time-barred in any event. *Clayton v. McDonnell Douglas Corp.*, 419 F.Supp. 28 (C.D.Cal.1976), on appeal, No. 76–3198 (C.A. 9 1977).

■ 6. The applicable state statute of limitations is not tolled merely because the plaintiff filed a charge with the EEOC, since, *inter alia*, such tolling principle would totally eliminate any overall period of limitations in such cases. *Johnson, supra*; 421 U.S. pp. 455, 456, 95 S.Ct. 1716.

7. For the foregoing reasons, this Court lacks subject matter jurisdiction, and the plaintiff has failed to state a claim upon which relief can be granted. Accordingly, this case is dismissed for the reason that it was not timely instituted and is now time-barred by any applicable California state statute of limitations.

8. Any Finding of Fact deemed to be a Conclusion of Law is hereby incorporated into these Conclusions of Law.

LET JUDGMENT BE ENTERED AC-CORDINGLY.