David L. KIRK, Plaintiff-Appellant,

v.

ROCKWELL INTERNATIONAL CORPORATION, Defendant-Appellee.

No. 77–2640.

United States Court of Appeals, Ninth Circuit.

July 19, 1978.

Stephen H. Silver (argued), of Silver & Wells, Los Angeles, Cal., for plaintiff-appellant.

David J. Shapiro (argued), El Segundo, Cal., for defendant-appellee.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge.

Appellant, David L. Kirk, a white male, brought this action against his employer, Rockwell International Corporation (Rockwell) for the violation of his civil rights. Appellant asserts that Rockwell discriminated against him on account of his race in violation of Title VII of the Civil Rights Act of 1964[1] and the Civil Rights Act of

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. 42 U.S.C. § 2000e et seq. (1970 and Supp.V). 42 U.S.C. § 2000e-2 (1970) provides:

"(a) It shall be an unlawful employment practice for an employer—

(1) . . . to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ."

1866.[2] . The District Court granted Rockwell's motion to dismiss the action on the ground that the claims were time-barred.

This appeal raises two issues: (1) whether a state statute of limitations applies to private actions under Title VII, and (2) whether *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), has retroactive application.

## I) *Facts*

In his complaint, appellant alleges that in 1949 he was employed by Rockwell in California as a Radio and `Radar Mechanic. Eventually, Rockwell promoted him to Material Review Engineer, but, in February, 1971, Rockwell demoted him to Inspector.

On or about April 27, 1971 appellant filed a charge with the Equal Employment Opportunity Commission (EEOC). He alleged that Rockwell, when it reduced its staff, systematically demoted whites on the basis of race,[3] and that appellant was a victim of this discriminatory employment practice.

The EEOC referred the charge to the California Fair Employment Practices Commission (FEPC). On about May 26, 1971, the FEPC declined to proceed, and the EEOC assumed jurisdiction of the charge.

On March 30, 1972 the EEOC sent a "Notice of Charge of Employment Discrimination" to Rockwell. Without disclosing appellant's name, the Notice informed Rockwell that it had been charged with discriminating against its employees on the basis of race in "wages, demotion, seniority, qualification/testing, benefits, terms and conditions." The Notice informed Rockwell of the date and place of the violation and included this statement:

"No action on your part is necessary at this time . . . *Section 1602.14 of the Commission's Regulations requires the preservation of all relevant personnel records until this charge is resolved.*" (emphasis added).

Beginning in 1971, appellant made many inquiries on the status of his charge against Rockwell. Not until August 5, 1976 did he learn that he could demand a "Right to Sue Letter" from the EEOC. On August 17, 1976 he received a "Right to Sue Letter" from the EEOC. This was more than 5 years after the date the charge was filed.

The letter notified appellant that the EEOC had not found reasonable cause to believe his charge of discrimination by Rockwell; but, if Kirk wanted to pursue the charge and bring an action against Rockwell, he would have to bring it within 90 days, or he would forfeit his Title VII claim.

Appellant then retained counsel and filed an action within 90 days after he received the letter. In his complaint appellant sought relief under Title VII, and, in a separate count, under 42 U.S.C. § 1981.

Rockwell moved to dismiss the action for failure to state a claim. Rockwell argued that appellant's claims under Title VII and § 1981 were barred by California's statute of limitations.

Rockwell asserts that the longest applicable California statute of limitations is 3 years and that appellant's action filed more than 5 years after the discriminatory act is therefore barred. Rockwell relied on the rule that a federal cause of action for which Congress did not provide a period of limitations borrows the relevant state statute of limitations. E. g., *Runyon v. McCrary*, 427

---

2. 42 U.S.C. § 1981 (1970). Section 1981 provides:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws . . . for the security of persons and property . . . as is enjoyed by white citizens . . . ."

3. Appellant alleged in the charge:

"Under the specific circumstances now existing (the large reduction in the work force over an extended period of time) it is an extreme discrimination to remove long time qualified employees to replace them with 'minority' people who must be trained to qualify."

U.S. 160, 179–181, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

The District Court agreed with Rockwell and dismissed the action.

## II) *The Title VII Period of Limitations*

Appellant contends that the filing and notice requirements of Title VII constitute a built-in period of limitations, so that it is unnecessary to borrow a state statute. Appellant also asserts that borrowing a state statute of limitations is inappropriate here because it would interfere with the federal policy, expressed in Title VII, of encouraging an aggrieved party to pursue administrative conciliation.

### (A)

Title VII was enacted as part of the Civil Rights Act of 1964.[4] Title VII prohibited racial discrimination in employment and established procedures for enforcement of this prohibition.

As enacted, Title VII required an aggrieved party to file his charge of discrimination with the EEOC within 90 days of the discriminatory act.[5] The EEOC was required to notify the employer of the charge [6] and was also required to attempt to conciliate the grievance within 30 days.[7] The 30-day requirement was not mandatory; it was only directory. *Cunningham v. Litton Industries,* 413 F.2d 887, 890 (9th Cir. 1969).

If, after the 30 days, the EEOC determined that conciliation was unlikely, it was required to notify the aggrieved party. The aggrieved party then had 30 days to file an action.[8] However, the 30-day period did not begin to run until the aggrieved party received a "Right to Sue Letter", which informed him of his rights. *Cun-*

ningham v. Litton Industries, supra, at 890–891.

### (B)

The legislative history of the 1964 Act shows that the requirement of filing a charge within 90 days of the discriminatory act was intended to serve as a statute of limitations.

In 1964, the House Judiciary Committee favorably reported the bill [9] which became the Civil Rights Act of 1964. Section 707(d) of the bill provided:

> "No civil action (by an aggrieved party) shall be based on an unlawful employment practice occurring more than six months prior to the filing of the charge with the Commission and the giving of notice thereof to the respondent, unless the person aggrieved thereby was prevented from filing such charge by reason of service in the Armed Forces, in which event a period of military service shall not be included in computing the six-month period."

The bill also provided for a private action if the aggrieved party obtained permission from the EEOC, and required the EEOC to give notice of the charge to the employer.

The House approved the bill, and it was submitted to the Senate.

Senators Clark and Case, floor managers of Title VII of the bill, explained the filing requirement to the Senate:

> "The suit . . . would have to be based on an unlawful employment practice occurring within 6 months prior to the filing of the charge with the Commission . . . *This limitation will avoid the pressing of stale claims.*" 110 Cong. Rec. 7213 (1964) (emphasis added).

---

4. Pub.L. No. 88–352, 78 Stat. 241.

5. Section 706(d), 78 Stat. 260. If the aggrieved party first filed a charge with a state employment discrimination agency, he had to file his charge with the EEOC within 30 days of receipt of notice that the State agency had ended its proceedings, or within 210 days of the discriminatory act, whichever was earlier.

6. Section 706(a), 78 Stat. 259.

7. Section 706(e), 78 Stat. 260.

8. *Id.*

9. H.R. 7152, 88th Cong., 2nd Sess. (1964).

Senators Clark and Case then participated[10] in drafting the amended version of the bill, which required the aggrieved party to file his charge within 90 days of the discriminatory act, and to file his action within 30 days of notice from the EEOC.[11] Senator Humphrey, who also participated in the drafting of the final version of the Civil Rights Act of 1964, described the requirement that the charge be filed within 90 days of the discriminatory act as a "period of limitations." 110 Cong.Rec. 12723 (1964).

### (C)

In 1972, Title VII was amended by the Equal Employment Opportunity Act of 1972.[12] Congress made the amendments apply to all charges, including charges which were pending before the EEOC on the effective date, March 24, 1972, of the amendments. *See Inda v. United Air Lines*, 565 F.2d 554, 560 (9th Cir. 1977).

Unlike the 1964 Act, the amendments gave the EEOC the power to bring an enforcement action. The amendments also extended the time to file a charge of employment discrimination from 90 to 180 days,[13] and specified that the EEOC shall give notice of the charge to the employer within 10 days of the date the charge was filed.[14] The 1964 Act had not specified when the EEOC had to notify the employer.

Congressman Erlenborn, who sponsored the 1972 amendments in the House explained to his colleagues that the specific time limit was for the purpose of:

". . . giving notice to the party charged (so) that he would have an opportunity to gather and preserve the evidence . . ." 117 Cong.Rec. 31972 (1971).

In *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53

L.Ed.2d 402 (1977), the Supreme Court held that state statutes of limitations do not apply to EEOC enforcement actions. The Court permitted the EEOC to bring an action more than 3 years after receipt of the charge. The Court said that the initial filing requirement, and the requirement that the EEOC notify the employer of the charge, were intended by Congress to function as a statute of limitations.

"Congress did express concern for the need of time limitations in the fair operation of the Act, but that concern was directed entirely to the initial filing of a charge with the EEOC and prompt notification thereafter to the alleged violator . . . ."

. . . . .

"The fact that the only statute of limitations discussions in Congress were directed to the period immediately preceding the filing of an initial charge is wholly consistent with the Act's overall enforcement structure—a sequential series of steps beginning with the filing of a charge with the EEOC. Within this procedural framework, the benchmark, for purposes of a statute of limitations, is not the last phase of the multistage scheme, but the commencement of the proceeding before the administrative body." *Occidental Life Insurance Co. v. EEOC,* supra, 432 U.S. at 371–372, 97 S.Ct. at 2457–58.

Appellant filed his charge of discrimination with the EEOC months before the 1972 amendments became effective. Therefore, Rockwell did not receive notice of the charge for about 13 months after the discriminatory act. In urging the application of a state statute of limitations, Rockwell argued that "the charge could pend before the EEOC almost indefinitely only to explode upon . . . respondent as a law-

---

10. 110 Cong.Rec. 12707 (1964).

11. 110 Cong.Rec. 12813–12814 (1964).

12. Pub.L. No. 92–261, 86 Stat. 103.

13. Section 706(e), 42 U.S.C. § 2000e–5(e) (Supp.V 1975). If the aggrieved party first files his charge with an appropriate state agency, he

has 300 days from the date of the discriminatory act, or 30 days from receiving notice that the state agency has terminated proceedings, whichever is earlier, to file his charge with the EEOC.

14. *Id.*

suit." Rockwell can hardly contend that here any California statute of limitations would have given it substantially sooner notice. The shortest arguably applicable California statute of limitations provides a 1-year period for bringing an action.

■ We conclude that Title VII does not borrow state statutes of limitations because the time limits for filing a charge and giving notice to the employer are a Congressionally established statute of limitations. *Accord, Draper v. United States Pipe & Foundry Co.*, 527 F.2d 515, 522 (6th Cir. 1975); *Roberts v. Western Airlines*, 425 F.Supp. 416, 420 (N.D.Cal.1976). "If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive." *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946); *United Mine Workers v. Kleppe*, 561 F.2d 1258, 1260–1261 (7th Cir. 1977).

#### (D)

In the 1972 amendments, Congress directed the EEOC to complete its investigation of a charge within 120 days "so far as practicable." [15] In addition, Section 706(f)(1) of Title VII as amended in 1972 provides that the EEOC must notify the aggrieved party:

(1) if the EEOC dismisses the charge as unfounded, or

(2) if within 180 days the EEOC has not commenced an action, or

(3) if within 180 days the EEOC has been unable to complete a conciliation agreement.

The aggrieved party has 90 days after "such notice" within which to file an action.[16]

---

**15.** Section 706(b), 42 U.S.C. § 2000e–5(b) (Supp.V 1975).

**16.** Section 706(f)(1), 42 U.S.C. § 2000e–5(f)(1) (Supp.V 1975).

**17.** An EEOC regulation provides that if, after 180 days, the EEOC has not acted on a charge, the EEOC nevertheless will not issue a "Right to Sue Letter" unless the aggrieved party asks for one. 29 C.F.R. § 1601.25b (1977).

It may be that Congress designed Section 706(f)(1) to give additional protection to the employer by directing the EEOC to issue a "Right to Sue Letter" no later than 180 days after the charge was filed.[17] But the Courts have uniformly held that the 90-day period does not begin to run until the aggrieved party learns of his right to bring an action. *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282, 1286–1287 (9th Cir. 1977); *DeMatteis v. Kodak*, 520 F.2d 409, 410–411 (2nd Cir. 1974); *Garner v. E. I. Du Pont De Nemours & Co.*, 538 F.2d 611, 614–615 (4th Cir. 1976); *Zambuto v. American Telephone & Telegraph Co.*, 544 F.2d 1333, 1336 (5th Cir. 1977); *Turner v. Texas Instruments, Inc.*, 556 F.2d 1349, 1351 (5th Cir. 1977).

These decisions reflect an awareness that:

". . . Title VII, as established by Congress, relies upon laymen, operating without legal assistance, to initiate both administrative complaints and lawsuits. Congress did not intend that such laymen, not schooled in the finer points of legal procedure, be presumed to know exactly what procedural step they must next take in order to perfect their claims . . ." *Mahroom v. Hook*, 563 F.2d 1369, 1375 (9th Cir. 1977).

■ It would be inconsistent with Title VII to hold that an aggrieved party who pursued his claim as diligently as appellant loses his right to file an action because, unknown to him, the state statute of limitations had run.[18]

The judgment dismissing the Title VII claim is reversed.

### III) *The Section 1981 Claim*

The District Court dismissed appellant's § 1981 claim on the ground that it was barred by California's statute of limitations.

---

**18.** "The Commission is expected, at the commencement and at other appropriate stages of the proceedings, to fully notify the aggrieved party in clear and understandable fashion of the various procedural rights and steps open to him. Too often a person files a charge but then blunders along, lost in the bureaucratic process." S.Rep. No. 92–415, 92nd Cong., 1st Sess. at 27 (1971).

Appellant contends that the District Court erred in giving *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) retroactive effect. He argues that under the law before *Johnson*, the timely filing of a charge under Title VII with the EEOC tolled the state statute of limitations applicable to the § 1981 claim based on the same facts. E. g., *Boudreaux v. Baton Rouge Marine Contracting Co.*, 437 F.2d 1011 (5th Cir. 1971).

In *Johnson*, the Supreme Court came to the opposite conclusion. It determined that Title VII and § 1981 provide "separate, distinct, and independent" remedies for employment discrimination. 421 U.S. at 460, 95 S.Ct. 1716. It concluded that an aggrieved party abandons his § 1981 claim if he fails to file an action within the time set by the relevant state statute of limitations.

In *Johnson*, the Court applied its ruling to the facts of that case even though the ruling denied the petitioner any relief. Here, application of the rule announced in *Johnson* leaves appellant an alternative remedy under Title VII.

■ Generally a judicial decision which announces a new rule will not be applied retroactively unless retroactive application will promote the purpose of the rule and produce an equitable result. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–107, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

Under these criteria, the Fifth Circuit Court in a thorough and well reasoned opinion held that *Johnson* applies retroactively even though *Johnson* has overruled clear precedent. *Williams v. Phil Rich Fan Manufacturing Co.*, 552 F.2d 596 (5th Cir. 1977).

■ In this Circuit, there is no such precedent. We conclude that *Johnson* applies to appellant's case.

Appellant filed this action in which he asserted his § 1981 claim more than 5 years after the discriminatory act. Under any applicable California statute of limitations,[19] his action is barred.

The District Court's dismissal of the Title VII claim is reversed, and the dismissal of the § 1981 claim is affirmed.

REVERSED AND REMANDED.

HUFSTEDLER, Circuit Judge, concurring specially:

Although I agree with the result reached by the majority, I cannot concur with the reasoning. The majority opinion's discussion of *Johnson v. Railway Express Co.* (1975) 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295, assumes that judicial decisions announcing a new application of a statutory rule will not ordinarily be applied retroactively. That assumption is directly contrary to controlling authority. I strongly disagree with the majority's *dictum* to the effect that 42 U.S.C. § 2000e–5(f)(1) may require the EEOC to issue right-to-sue letters within 180 days of the filing of a complaint. That *dictum* is in conflict with controlling authority and the *dictum* is also in conflict with the statutory scheme for reasons that I hereafter describe. Finally, I express my views on the application of state statutes of limitation to Title VII because the existing law needs clarification that is not supplied by the majority opinion.

Kirk is a white man who seeks to sue his employer, Rockwell International Corporation (Rockwell), for alleged racial discrimination in demoting him from a professional to a non-professional job rank in February, 1971. The essence of Kirk's claim is that Rockwell systematically disadvantaged whites in order to favor minorities when it reduced personnel in 1971. Kirk timely filed a complaint of discrimination with the

---

**19.** Section 340(3) of the California Code of Civil Procedure provides a 1-year period of limitation for "injury to . . . one caused by the wrongful act or neglect of another . . ." Section 338(1) provides a 3-year period for "an action upon a liability created by statute, other than a penalty or forfeiture". This provision has been applied to employment discrimination actions under 42 U.S.C. § 1983. E. g., *Bradshaw v. Zoological Society of San Diego*, 569 F.2d 1066 (9th Cir. 1978). Section 343 provides a 4-year period for all actions not governed by other statutes of limitations. See *Reed v. Hutto*, 486 F.2d 534, 537 n. 2 (8th Cir. 1973) (analysis of law governing selection of appropriate state statute of limitations).

federal Equal Employment Opportunity Commission (EEOC),[1] which first referred the matter to the California Fair Employment Practices Commission and then assumed jurisdiction on May 26, 1971, when it failed to act. Notice of the charge was given to Rockwell on March 30, 1972, by the EEOC, in compliance with recently enacted amendments to Title VII.[2] Despite frequent inquiries by Kirk, no further action was taken by the EEOC until August, 1976.[3] Kirk then first learned that he could demand a "right to sue" letter and did so, receiving the letter on August 17, 1976, with its notification that the EEOC had not found reasonable cause to believe his charge was true, but informing him that he could bring a civil action within 90 days of its receipt. Kirk thereupon hired counsel[4] who brought this action within the 90-day period, on November 8, 1976, suing both under Title VII and under 42 U.S.C. § 1981. The district court granted Rockwell's motion to dismiss the complaint on the ground that California statutes of limitation applied to bar both claims due to the five and one-half-year hiatus between Kirk's demotion and the filing of the action. (*Kirk v. Rockwell International Corp.* (C.D.Cal.1977) 432 F.Supp. 627, 628–29.)

I

*Johnson v. Railway Express Agency, supra,* held that state statutes of limitation would be "borrowed" to fill the limitation gap left in Section 1981. (421 U.S. at 462, 95 S.Ct. 1716. *See Runyon v. McCrary* (1976) 427 U.S. 160, 179–82, 96 S.Ct. 2586, 49 L.Ed.2d 415; *Chevron Oil Co. v. Huson* (1971) 404 U.S. 97, 101–05, 92 S.Ct. 349, 30 L.Ed.2d 296; *Holmberg v. Armbrecht* (1946) 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743; *International Union of Operating Engineers v. Fischbach & Moore, Inc.* (9th Cir. 1965) 350 F.2d 936, 938–39; *Horn v. Bailie* (9th Cir. 1962) 309 F.2d 167, 168; *Smith v. Cremins* (9th Cir. 1962) 308 F.2d 187, 188–90 & nn. 9, 12. *See generally* Note, Federal Statutes Without Limitation Periods, 53 Colum.L.Rev. 68 (1953).) *Johnson* also held that Section 1981 was a remedial alternative to Title VII and that filing a complaint with the EEOC under Title VII did not toll limitations applicable to a Section 1981 action. (421 U.S. at 459–61, 465–66, 95 S.Ct. 1716.)

If *Johnson* applies to Kirk's case, his Section 1981 action is barred under any applicable California limitations statute because more than five years elapsed after the alleged discriminatory acts.[5] He argues that

1. Under the version of Title VII then in effect, Kirk was required to file a complaint with the EEOC within 90 days of the alleged discrimination. He filed on April 27, 1971, approximately 70 days after the act of February 17, 1971 he challenges.

2. The 1972 amendments to Title VII require that notice to the employer be given within 10 days of the filing of the complaint by the aggrieved individual. (42 U.S.C. § 2000e–5(b) (1972). *See Occidental Life Ins. Co. v. EEOC, supra,* 432 U.S. at 371–72 & n. 30, 97 S.Ct. 2447.) The requirement was made retroactive to pending cases, and they were deemed filed in accordance with the 1972 provisions. (*Int'l. Union of Elect., Radio & Machine Workers, Local 790 v. Robbins & Meyers, Inc.* (1976) 429 U.S. 229, 241–44, 97 S.Ct. 441, 50 L.Ed.2d 427; *see also Davis v. Valley Dist. Co.* (9th Cir. 1975) 522 F.2d 827, 830–32.) Thus, while actual notice to Rockwell came over one year after the alleged discrimination, we treat the case as if the notice issued within 10 days of the filing of Kirk's complaint as is now mandated by Title VII. Under the prior version of the stat-

ute, the EEOC was required to give the employer a copy of the charge but no time period was specified. (*See* 42 U.S.C. § 2000e–5(a) (1970) (amended 1972).)

3. Rockwell concedes that Kirk complied in all respects with Title VII's provisions and diligently attempted to obtain prompt EEOC action on his complaint.

4. Prior to this time Kirk, a non-lawyer, represented himself and received no legal advice. He was unaware that he could demand a right to sue letter before August, 1976. (*See Mahroom v. Hook* (9th Cir. 1977) 563 F.2d 1369, 1375 ("Congress did not intend that such laymen, not schooled in the finer points of legal procedure, be presumed to know exactly what procedural step they must next take in order to perfect their claims.").)

5. The longest period potentially applicable to 42 U.S.C. § 1981 actions is three years. (Cal. Code Civ.Proc. § 338(1) (actions for liability created by statute).) We have no occasion to

the applicable California limitations period should be deemed to run only from the date *Johnson* came down and that this action is timely as filed within one year of that date.

None of the exceptions to the general rule that judicial decisions are both retrospective and prospective in operation is applicable here. (*See, e. g., Linkletter v. Walker* (1965) 381 U.S. 618, 622–29, 85 S.Ct. 1731, 14 L.Ed.2d 601; *National Ass'n of Broadcasters v. FCC* (1976) 180 U.S.App. D.C. 259, 271–273, 554 F.2d 1118, 1130–32; *United States v. Fitzgerald* (7th Cir. 1976) 545 F.2d 578, 581–82; *People v. The Italian Motorship Ilice* (9th Cir. 1976) 534 F.2d 836, 840–41 n. 1.) Both intervening decisions and statutory changes will be applied to all cases *sub judice* "unless doing so would result in.manifest injustice or there is statutory direction or legislative history to the contrary." (*Bradley v. School Board of the City of Richmond* (1974) 416 U.S. 696, 710–21, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476. *Accord J. A. Jones Construction Co. v. Plumbers & Pipefitters Local 598* (9th Cir. 1978) 568 F.2d 1292, 1295; *Wasserman v. Municipal Court of Alhambra Judicial District* (9th Cir. 1976) 543 F.2d 723.) Nothing in *Johnson* suggests that the Court limited the application of its decision. Other Circuits have routinely applied *Johnson* to bar actions which arose prior to it. (*Martin v. Georgia-Pacific Corp.* (8th Cir. 1977) 568 F.2d 58; *Graffals Gonzalez v. Garcia Santiago* (1st Cir. 1977) 550 F.2d 687, 688; *Patterson v. American Tobacco Co.* (4th Cir. 1976) 535 F.2d 257, 275; *Fine v. City of New York* (2d Cir. 1975) 529 F.2d 70, 76–77.)

Kirk argues that his case falls within the limited set of circumstances in which a decision should not be given retrospective application because it is a radical departure from prior law and falls inequitably upon parties who relied upon the old rule. (*E. g., Chev-*

*ron Oil Co. v. Huson, supra,* 404 U.S. at 105–15, 92 S.Ct. 349 at 354–359, 30 L.Ed. 296 at 304, 310; *Cipriano v. City of Houma* (1969) 395 U.S. 701, 706, 89 S.Ct. 1897, 23 L.Ed.2d 647; *Bunker v. Wise* (9th Cir. 1977) 550 F.2d 1155, 1156–58.) *Johnson* does not fall within the rationale of *Chevron Oil Co. v. Huson, supra.* Although courts in the Fifth and District of Columbia Circuits had held prior to *Johnson* that filing with the EEOC under Title VII tolled the Section 1981 statute of limitations (*see* 421 U.S. at 457 & n. 4, 95 S.Ct. 1716), that rule was never adopted by this Circuit. Rather, we have long adopted state statutes of limitation in civil rights cases. (*See, e. g., Smith v. Cremins, supra*; cases cited in n. 6, *supra.*) A litigant might have hoped that this court would follow the Fifth and District of Columbia Circuits in tolling the state statute of limitation in Section 1981 actions, but he could not have relied upon those cases as dispositive here. Moreover, the Fifth Circuit itself has held that litigants in its courts could not be shielded from the ordinary jurisprudential effect of *Johnson* because of its former rule to the contrary. (*Williams v. Phil Rich Fan Manufacturing Co.* (5th Cir. 1977) 552 F.2d 596, 598–600.) We agree with the Fifth Circuit that the *Johnson* decision should not be given limited applicability.

## II

Private individuals aggrieved by employer practices may bring a civil action to enforce these rights under Title VII, if they comply with certain statutory requisites. They must first file a complaint with the EEOC within 180 days of the alleged discrimination (42 U.S.C. § 2000e–5(e)) and the EEOC must thereupon notify the employer within 10 days and conduct an investigation of the charge. (*Id.* § 2000e–5(b).) Longer periods for filing the complaint—up to 300

decide whether a shorter, one-year statute of limitations might apply (*id.*, § 340(3) (tort actions)) because the delay here was five and one-half years. (*But see Shouse v. Pierce County* (9th Cir. 1977) 559 F.2d 1142, 1146–47 ("the state limitations statute that we have repeatedly borrowed [in civil rights actions] is

a statute that prescribes the limitations for actions founded on a liability created by statute.")); *see also Bradshaw v. Zoological Soc. of San Diego* (9th Cir. 1978) 569 F.2d 1066, 1068; *Briley v. California* (9th Cir. 1977) 564 F.2d 849, 854, both noting § 338(1) applies in § 1983 actions.

days—are available to employees who live in states which have statutes comparable to Title VII, because the statute requires the EEOC to defer acquiring jurisdiction until the state is given the initial opportunity to act. (*Id.* § 2000e–5(c)–(e).) Once the EEOC has assumed jurisdiction of the controversy, the individual's ability to act is suspended to avoid duplication of proceedings. (*See H.R.Rep.No.* 92–238, 92d Cong., 1st Sess. reprinted in 1972 U.S.Code Cong. & Admin.News 2137, 2148 (hereinafter cited as "*Committee Report*").) The EEOC may dismiss the charge, as it did here, because "there is not reasonable cause to believe that the charge is true" (42 U.S.C. § 2000e–5(b)) or, if it finds to the contrary, it may attempt to attain conciliation and settlement through administrative channels or seek to enforce Title VII in the courts. (*Id.* § 2000e–5(b), (f), (g), & (j). *See Occidental Life Insurance Co. of California v. EEOC* (1977) 432 U.S. 355, 358–66, 97 S.Ct. 2447, 53 L.Ed.2d 402.) If the EEOC is unable or unwilling to resolve the controversy and if no action has occurred after 180 days and the complainant wishes to withdraw the matter from EEOC jurisdiction, the EEOC issues a so-called "right to sue letter." Issuance of this letter terminates EEOC jurisdiction and its ability to act and "reactivates" the individual's right to bring a civil action under Title VII. (*Committee Report, supra,* 1972 U.S.Code Cong. & Admin.News at 2148.) If the individual does not file suit within 90 days, however, the right is extinguished. (*International Union of Electrical, Radio & Machine Workers, Local 790 v. Robbins & Meyers, Inc.* (1976) 429 U.S. 229, 240, 97 S.Ct. 441, 50 L.Ed.2d 427; *Lynn v. Western Gillette, Inc.* (9th Cir. 1977) 564 F.2d 1282; *Mahroom v. Hook* (9th Cir. 1977) 563 F.2d 1369, 1374–75.)

A private individual's civil action under Title VII thus requires the timely filing of the complaint with the EEOC and the filing of a civil action in the federal district court within 90 days of notification of the termination of EEOC proceedings through receipt of a right to sue letter. (*See id.* (90-day period commences on date of actual receipt of the letter).) In the interim, the matter is committed to the EEOC for administrative processing, and the Supreme Court in *Occidental Life Insurance Co., supra,* affirmed this court's holding that such processing was subject to no time limitations. (432 U.S. at 372–73, 97 S.Ct. 2447, *aff'ing* 535 F.2d at 536–40.)

Rockwell contends that any statute which gives a private individual a right to sue another must contain an absolute time limitation period, running from the date of the accrual of the cause of action to the date of the filing of the complaint in court. As Title VII contains no such overall time limitation, it says that a limitation period must be borrowed from state law to fill the "gap" as in *Johnson v. Railway Express Co., supra,* 421 U.S. at 462–64, 95 S.Ct. 1716. (*See also* cases cited in Section I, p. 821, *supra.*) Absent such a limitation period, it argues defendants will be subject to undue burdens in defending stale claims. Kirk and the EEOC as *amicus curiae* argue to the contrary that state limitations periods have no role to play because Title VII contains a complete set of limitations periods. Alternatively, they argue that if such statutes do apply, they should be deemed tolled during the pendency of EEOC administrative proceedings.

The question presented was explicitly left open in this court's decision in *Occidental Life Insurance, supra,* 535 F.2d at 537 n. 6, and the district courts of this Circuit have divided on its resolution. (*Compare Piva v. Xerox Corp.* (N.D.Cal.1974) 376 F.Supp. 242, 244–45 (state statutes of limitation do not apply) *with* this case below, 432 F.Supp. 627, 628–29; *Jarrett v. North American Rockwell Corp., Los Angeles Div.* (C.D.Cal. 1977) 433 F.Supp. 275, 276–77; *Clayton v. McDonnell Douglas Corp.* (D.C.Cal.1976) 419 F.Supp. 28, 29–30 (state statutes of limitation do apply).) One circuit court has decided the issue—the Sixth Circuit in *Draper v. United States Pipe & Foundry Co.* (6th Cir. 1976) 527 F.2d 515, 522. The *Draper* court stated simply that "Title VII establishes its own statute of limitations, and state law is irrelevant in determining whether a private litigant has lost his right of action under

Title VII through the passage of time." (*Id.*) It relied, *inter alia*, upon the decision of the district court for the Northern District of California in *Piva v. Xerox Corp., supra.*

District courts outside this Circuit have uniformly held that state statutes of limitation do not bar private litigants' Title VII action which otherwise comply with its filing provisions. (*Pierce v. Catalytic, Inc.* (E.D.Pa.1977) 430 F.Supp. 1180, 1183; *Askins v. Imperial Reading Corp.* (W.D.Va. 1976) 420 F.Supp. 413, 416; *Allen v. Amalgamated Transit Union, Local 788* (E.D.Mo. 1976) 415 F.Supp. 662, 666–67 (*semble*); *Pittman v. Anaconda Wire & Cable Co.* (E.D.N.C.1976) 408 F.Supp. 286, 293; *Beckum v. Tennessee Hotel* (W.D.Tenn.1971) 341 F.Supp. 991, 994; *Jackson v. Cutter Laboratories* (E.D.Tenn.1970) 338 F.Supp. 882, 885.)

We agree with the Sixth Circuit and the district courts which have held that Title VII's time provisions fully define the steps which must be taken by a Title VII litigant to preserve his or her right to sue. State statutes of limitation are not borrowed because there is no gap to fill and applying them to private individuals would interfere with the effective administration of Title VII for reasons stated in *Occidental Life Insurance, supra.*

In *Occidental Life Insurance Co. v. EEOC, supra,* the Supreme Court held that the requirements that an employee file a complaint with the EEOC within a limited period of time and that the EEOC then notify the employer of the charge were "the benchmark, for purposes of a statute of limitation." (432 U.S. at 371–72, 97 S.Ct. at 2457.) Once these steps have been taken, Title VII imposes no limitation on the amount of time elapsing between the EEOC's assumption of jurisdiction and the

filing by the EEOC of a judicial enforcement action. (*Id.* at 372, 97 S.Ct. 2447.) Although this means that "the EEOC is not bound by any limitations period at all" (*id.* at 373, 97 S.Ct. at 2458 (Rehnquist, J., *dissenting*)), the Court declined to borrow state statutes of limitations.

"[T]he Court has not mechanically applied a state statute of limitations simply because a limitations period is absent from the federal statute. State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies. 'Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide.' *Johnson v. Railway Express Agency,* 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295. State limitations periods will not be borrowed if their application would be inconsistent with the underlying policies of the federal statute." 432 U.S. at 367, 97 S.Ct. at 2455.

The Court concluded that application of state law would frustrate the federal scheme. The Court read the legislative history of the 1972 amendments to Title VII as reflecting congressional awareness of the lengthy delays involved in EEOC proceedings and concluded that Congress had made a positive decision to permit such delay in the interest of obtaining the other economies which could be achieved by using this method of dispute resolution—reduced litigation costs, conservation of scarce judicial resources, and the establishment of national standards for employer practices. (*Id.* at 369–71, 97 S.Ct. 2447. *See Committee Report, supra,* 1972 U.S.Code Cong. & Admin. News at 2146–47.[6]

6. "Administrative tribunals are better equipped to handle the complicated issues involved in employment discrimination cases. \* \* \* The sorting out of the complexities surrounding employment discrimination can give rise to enormous expenditures of judicial resources in already overburdened Federal district courts. \* \* \* Moreover, administrative tribunals are less subject to technical rules governing such matters as pleadings and motion practice—which afford opportunities for dilatory tactics—and are less constrained by formal rules of evidence—which give rise to a lengthier (and more costly) process of proof." (*Id.* at 2146.)

In *Occidental*, the Court also examined the meaning of 42 U.S.C. § 2000e-5(f)(1) which provides in pertinent part:

". . . if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference . . . , whichever is later, the Commission has not filed a civil action under this section . . . [nor] entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved [and issue a right to sue letter]."

Although the statute appears to mandate that the EEOC divest itself of jurisdiction, the Court agreed with the circuit courts which had concluded that the provision merely entitled the complainant to withdraw the charge from EEOC jurisdiction if he or she wished to pursue a civil action rather than await the outcome of EEOC proceedings. (432 U.S. at 360–66 & n. 21, 97 S.Ct. 2447. *Accord EEOC v. Wilson & Co.* (10th Cir. 1976) 535 F.2d 1213, 1215; *Williams v. Southern Union Gas Co.* (10th Cir. 1976) 529 F.2d 483, 487; *Tuft v. McDonnell Douglas Corp.* (8th Cir. 1975) 517 F.2d 1301, 1305–07; *EEOC v. Kimberly-Clark Corp.* (6th Cir. 1975) 511 F.2d 1352; *EEOC v. Louisville & Nashville RR. Co.* (5th Cir. 1974) 505 F.2d 610; *EEOC v. Cleveland Mills Co.* (4th Cir. 1974) 502 F.2d 153.)

The same courts have concluded that this provision gives the complainant the option of extricating the charge from the "administrative quagmire which occasionally surrounds a case caught in an overloaded administrative process" (*Committee Report, supra*, 1972 U.S.Code Cong. & Admin.News at 2147–48; noting delays of 2–3 years), but it does not require that the complainant do so. (*E. g., Occidental Life Insurance Co. v. EEOC, supra*, 432 U.S. at 362–66, 97 S.Ct. 2447; *Tuft v. McDonnell Douglas Corp.,*

*supra*, 517 F.2d at 1305–08.) This court and others have also rejected the argument that this 180-day period combined with the pre- and post-filing time periods comprises an overall limitation period on a private individual's civil action under Title VII. (*Cunningham v. Litton Industries* (9th Cir. 1969) 413 F.2d 887. *Accord Miller v. International Paper Co.* (5th Cir. 1969) 408 F.2d 283, 285–87; *Choate v. Caterpillar Tractor Co.* (7th Cir. 1968) 402 F.2d 357, 361.) We stated in *Cunningham* that "the . . . period within which suit may be filed in federal district court begins to run when the aggrieved party receives notice . . . from the EEOC, regardless of the period of time the Commission has taken to process the charge." (413 F.2d at 890.)

If Rockwell were right, a complainant would be forced to demand a right to sue letter and to abandon EEOC jurisdiction to avoid destruction of the complainant's right to a civil action whenever a state limitations statute threatened to expire. That interpretation would frustrate the congressional scheme of Title VII. Congress established a carefully integrated set of time periods keyed to the procedural steps of the statute. (*See Machlin v. Spector Freight Systems, Inc.* (1973) 156 U.S.App.D.C. 69, 76, 478 F.2d 979, 986 (the Act "embodies a clearly defined policy of deferring action in federal court until a charge has been filed with the agency and an opportunity afforded . . . to attempt private settlement." Therefore EEOC "clearance" is necessary before a private party can file suit).) [7] As *Johnson v. Railway Express Agency, supra*, explains, Congress intended to offer an aggrieved employee a variety of remedies short of litigation, with resort to judicial process only when these alternative remedies had failed. Interruption of EEOC jurisdiction to comply with state statutes of limitation is inconsistent with the congres-

7. As the completion of administrative proceedings are a jurisdictional requisite to the existence of the individual's right to sue, it would appear that any state limitation period would be tolled during the pendency of EEOC pro-

ceedings in any event. (*Cf. Chambers v. Omaha Public School District* (8th Cir. 1976) 536 F.2d 222, 230–31.) In view of our holding here, we have no need to decide this issue.

sional scheme.[8] As the Court pointed out in *Holmberg v. Ambrecht, supra,* 327 U.S. at 395, 66 S.Ct. at 584: "[When] Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The congressional statute of limitations is definitive."[9]

Contrary to Rockwell's argument, our interpretation of Title VII does not thwart state policy against the prosecution of stale claims and the use of stale evidence. Title VII requires timely filing and notice before the institution of administrative proceedings. (*Occidental Life Insurance Co. v. EEOC, supra,* 432 U.S. at 371–72 & n. 30, 97 S.Ct. 2447.) After an employer is notified that it is the subject of an EEOC investigation, the employer knows that the claim is alive and ample opportunity exists to preserve evidence, to conduct its own investigation, and to prepare itself for potential litigation.[10] The state's interest in prompt resolution of employer-employee conflicts involving discrimination is adequately served under Title VII by the deferral provisions permitting the *locus in quo* to try to resolve the controversy before EEOC jurisdiction is assumed.[11]

Title VII adequately accommodates the competing interests of the employer and employee. The employer receives prompt notice of the pendency of a Title VII charge and is assured that if the EEOC decides not to act, the employee must sue promptly or be barred from recovery. The employee is given the opportunity to have the charge resolved administratively, but also obtains a right to sue if the EEOC is unable or unwilling to resolve the problem. If any abuses do occur, the court in exercise of its equitable powers may restrict the granting of relief. (432 U.S. at 373, 97 S.Ct. 2447. *See also EEOC v. South Carolina Nat'l Bank* (4th Cir. 1977) 562 F.2d 329, 333.) No delay attributable to Kirk is present in this case, and he is entitled to adjudicate his Title VII claim.

---

8. The suggestion that a precautionary suit be filed and then delayed pending EEOC deliberations as the Court suggested in *Johnson v. Railway Express, supra,* 421 U.S. at 465, 95 S.Ct. 1716, is untenable. There is no right to sue and hence no cause of action under Title VII until Title VII proceedings are over. Thus no civil action may be filed unless EEOC jurisdiction ceases and the accommodation suggested in *Johnson* is not available. Moreover, if it were, it would involve the already overburdened district courts in untold nuisance and confusion to attain an end adequately served by Title VII's own requirement of prompt notice to the employer and would undercut a major purpose of the creation of the EEOC—to free the courts of the need for adjudication of these claims by resolving most through an administrative process.

9. *See also Occidental Life Ins. Co. v. EEOC, supra,* 432 U.S. at 381 n. 5, 97 S.Ct. 2447. In dissenting, Mr. Justice Rehnquist suggested that the 90-day period was a form of limitations period applying only to individual actions and thus concluded that the absence of such a provision as to EEOC enforcement actions suggested a gap existed which should be filled by a state statute of limitations. To the same effect is *EEOC v. Kimberly-Clark Corp.* (6th Cir. 1975) 511 F.2d 1352, 1357.

10. *See also EEOC v. Occidental Life Ins. Co., supra,* 535 F.2d at 540; *Cunningham v. Litton Industries, supra,* 413 F.2d at 891, both suggesting that in certain circumstances the employer might be able to precipitate adjudication.

11. 42 U.S.C. § 2000e–5(c)–(e). *See Davis v. Valley Distributing Co.* (9th Cir. 1975) 522 F.2d 827, 832 n.12 ("this deference . . . is to take the form of an *opportunity* to act;" compliance with state deadlines is not a precondition to EEOC jurisdiction or later civil suit.) *Accord Olson v. Rembrandt Printing Co.* (8th Cir. 1975) 511 F.2d 1228, 1232 ("state limitations period cannot govern the efficacy of the federal right"). *See also Chambers v. Omaha Public School Dist.* (8th Cir. 1976) 536 F.2d 222. Thus in deference to California law, its Fair Employment Practices Commission was given the first opportunity to act in this case.